ISAIAH PARKER, impleaded with Chas. W. Turner, deceased, and Leonard Crocker, *Plaintiff in Error*,

*vs.*

MORRIS POMEROY, *Defendant in Error.*

ERROR TO THE KENOSHA COUNTY CIRCUIT COURT.

The material question involved in this case having been decided by the Supreme Court, under the former organization of the Court, the determinations of that court, for all the purposes of the particular case, must be held, *res adjudicata.*

Whether or not we may differ in opinion from the Supreme Court under its former organization, yet we will hold to all the decisions of the court in the progress of a cause, from the one organization to the other, throughout its entire progress.

In the progress of a cause through the Supreme Court, the points decided therein are to be considered *res adjudicata*, for the purposes of that cause, though the decision may not accord with the views of the present Bench.

The defendant in error brought this action against the plaintiff in error, Charles W. Turner, (deceased,) and Leonard Crocker, in the Kenosha Circuit Court. The declaration was in trespass for false imprisonment. The defendants below, severally pleaded *not guilty*, and special pleas. At the November term, 1852, the cause came on to be tried, on the plea of *not guilty.* The counsel for the defendant in error offered in evidence on the trial, a writ of *capias ad satisfaciendum*, issued out of and under the seal of the Racine Circuit Court, on a judgment recovered therein, in an action of replevin, by William Strong, jr., and Charles W. Turner, against said defendant in error, which writ was signed by the plaintiff in error, as clerk of Racine Circuit Court. The plaintiff in error objected to its admission, but the court overruled the objection, and

admitted the evidence, to which ruling of the court
the plaintiff in error excepted. · The defendant in er-
'ror then further offered in evidence the return of the
sheriff endorsed on said writ of- *ca. sa.*, to which the
counsel for the plaintiff in error objected, but the court
overruled the objection, and the plaintiff in error ex-
cepted. The return of the sheriff, setting forth that
by virtue of said writ of *ca. sa.* he arrested the defend-
ant in error, and committed him to the jail of Racine
county, until he was discharged by the decision and
order of the Hon. Levi Hubbell, circuit judge, upon
a writ of habeas corpus, was read in evidence. The
counsel for the defendant in error further gave in evi-
dence, that he was detained in custody in the Racine
county jail about seven days; that he took proceed-
ings to procure his liberty by writ of habeas corpus
before Judge Stoddard, judge of the Kenosha County
Court, and that after being heard, his application for
discharge was denied, and he was remanded to custo-
dy. The counsel for the defendant in error then fur-
ther offered to prove the amount of his expenses in-
curred in the proceedings on habeas corpus, to which
the counsel for the plaintiff in error objected, but the
court overruled the objection, and the plaintiff in er-
ror excepted. The defendant in error then gave in
evidence in substance, that he had paid attorney and
counsel fees, and for county judge's and sheriff's costs
about forty dollars; that after the proceedings were
had before Judge Stoddard, a writ of habeas corpus
was issued by Judge Hubbell. The counsel for the
defendant in error then offered to prove the amount
of the reasonable counsel fees in the proceeding before
Judge Hubbell, to which the counsel for the plaintiff
in error objected, but the court overruled the objec-

H

Dec. Term
1853.

Parker
vs.
Pomeroy.

tion, and the plaintiff in error excepted. Whereupon the counsel for the defendant in error proved that the reasonable counsel fees were seventy-five dollars ; and further, that the time of the defendant in error was worth from three to five dollars per day, and then rested. The counsel for the plaintiff in error then moved for a non-suit, but the court denied the motion, and the plaintiff in error excepted.

The counsel for the plaintiff in error then gave in evidence in substance, that at the time of issuing the writ of *ca. sa.*, he was clerk of the Racine Circuit Court. And also the judgment and records in the cause wherein said writ of *ca. sa.* issued, viz : the proceedings and judgment in a certain action of replevin, wherein the said Morris Pomeroy was plaintiff, and William Strong, jr., and Charles W. Turner were defendants. Which judgment is that the said Strong and Turner have and recover against the said Pomeroy, the sum of three hundred and nine dollars and fifty cents, the assessed value of the property replevied, and ten dollars and eighty-three cents damages of detention, with costs of suit, &c. And the counsel for said plaintiff in error further gave in evidence, and proved by the certificate of the clerk of the Supreme Court, and other evidence, that the judgment of Judge Hubbell, discharging the defendant in error from imprisonment, had been removed into the Supreme Court by certiorari, and had been reversed. The plaintiff in error then rested ; and thereupon the court instructed and charged the jury, in substance, that if they believed from the evidence that the defendant signed and issued the writ of *ca. sa.* given in evidence, and that the defendant in error was restrained of his liberty, or imprisoned upon or by virtue of

such writ, the plaintiff in error was liable to the de-
fendant in error for the damages he sustained in con-
sequence thereof; that such writ was without war-
rant of law, and was no protection or justification to
the plaintiff in error: to which charge, instruction
and opinion of the court, so given to the jury, the
plaintiff in error excepted.

And the said plaintiff in error then requested the
court to charge and instruct the jury:

1st. That an action of replevin is not an action
founded on contract, express or implied, and that,
when in an action of replevin the defendant succeeds
upon the whole record, and recovers judgment for the
property, damages for the taking and detention, or
detention alone, and costs, he is by the law entitled
to an execution against the body of the plaintiff to
enforce such judgment, and that an action for false
imprisonment cannot be maintained against the clerk
of the court for issuing an execution upon which the
plaintiff is arrested.

2d. That process, sufficient upon its face to give the
officers authority to execute it, is, though it may have
irregularly issued, or be irregular in form, good and
valid until set aside by the court from which it is-
sued, and cannot be questioned collaterally, as in an
action against an officer for issuing or executing it.

3d. That the proceedings before Judge Stoddard,
proven by the plaintiff in the case, is a bar to this
action, so long as those proceedings remain in force
and unreversed.

4th. That the plaintiff in this suit is not entitled
to recover, by way of damages, any costs, expenses or
fees, which he may have paid or incurred in any legal
proceedings in which he did not succeed, or which

have been held by competent authority to have been not well taken; or in other words, in legal proceedings in which it was finally decided that he was not entitled to the relief which he thereby proceeded to obtain.

5th. That the court is presumed to issue all process, and that the clerk is the mere instrument of the court in making it out, and that the clerk cannot be made responsible for issuing any such process, inasmuch as he cannot dictate its form.

But the court refused to give all or any of the said instructions, so asked by the counsel for the plaintiff in error, to the jury; to which refusal of the court so to charge and instruct the jury, the plaintiff in error did then and there except. The jury returned a verdict for the defendant in error for $139.88 damages, and judgment was rendered therefor. And the plaintiff in error alleges that each and every of the rulings of the court below, so as aforesaid excepted to, are erroneous.

*F. S. Lovell*, for plaintiff in error.

I. A *capias ad satisfaciendum* is appropriate and proper process in replevin to execute a judgment for the defendant for the assessed value of the property replevied, as well as the damages and costs recovered.

1. The statute regulating the action of replevin does not prescribe the form of execution on a judgment for the defendant. *Rev. Stat. ch.* 119, *p.* 611; *Graham's Prac.* 740. The Circuit Court has, therefore, power to issue in such case such common law writs as may be necessary to carry into effect its judgments, or, if necessary, to devise new writs. *Rev. Stat.* 412, § 6; *id.* 761, § 9; *Constitution, art.* 6, § 8.

2d. At common law, after final judgment for the recovery of a sum of money, the party in whose favor it is rendered could take out execution against either the body or property of the adverse party. 2 *Tidd Prac.* 909; *Graham's Prac.* 368, 410; 1 *Sellon Pr.* 512; 3 *Black. Com.* 414; 2 *Tidd Prac.* 993-5, 1038; *Archb. Prac.* 375, 408-9.

3d. The action of replevin is not an action founded on or sounding in contract, and is not within the constitutional restriction against imprisonment for debt. 1 *Tidd Pr.* 54; *Const. art.* 1, § 16. And if there be no legal or constitutional restriction, an execution against the body may issue to collect the *sum of money*, damages and costs recovered in such action. *Archb. Pr.* 594; *Bingham on Ex.* 86; 2 *Tidd Pr.* 1026; 3 *Bacon's Ab.* 385; 7 *id.* 107-8; *Wilkinson on Replevin*, 111; 2 *Burrills Pr.* 25-6; *Paine & Duer, Pr.* 612.

4th. The statutes of this State do not prescribe the cases in which executions against the body may issue, but declares that " whenever judgment shall be rendered in any court of record, for any debt, damages, sum of money or costs, the party in whose favor it is, shall have execution therefor." *Rev. Stat.* 537, § 26. And such execution may be either against property or the body, " in cases where executions are allowed by law." *Rev. Stat.* 538, § 28.

5th. At common law a *ca. sa.* might issue in all cases where a party could be prosecuted to outlawry. 6 *Bac. Ab.* 49; *Bingham on Ex.* 271; 2 *Tidd Pr.* 1026; 3 *Salk* 286.

6th. Where the defendant recovers judgment he is entitled to the most favorable and effectual remedy, by execution, which the nature of the case permits to

enforce it. *Miller vs. Schroeder*, 2 *Comstock's Rep* 262.

7th. When the defendant waives a return of the property and takes judgment for the assessed value of the property replevied, such assessed value becomes substantially part of the damages recovered. *Bell vs. Bartlett*, 7 *N. H. Rep*. 173.

II. The clerk is only the instrument of the Court in issuing process; and the mere fact that his name is subscribed to the process does not render him liable in damages to the party who is arrested upon it. *Griswold vs. Sedgwick*, 1 *Wen. Rep*., 133.

III. The regularity of an execution cannot be examined collaterally. It must be set aside by the Court having the control of it before an action for false imprisonment for the issuing or serving of it can be maintained. 13 *Sergt. & Rawle*, 199; 1 *Watts R*. 135; 1 *Cow. R*. 809; 5 *J. R*. 100; 4 *Wen. R*. 462; 5 *Hill R*. 242.

IV. The defendant in error was not entitled to recover by way of damages in this action moneys expended in legal proceedings in which he did not succeed, and which were finally held by competent authority not to have been well taken.

V. The proceedings and judgment on habeas corpus before the judge of the Kenosha County Court, operate as an estoppel, and a bar to this action so long as the same remains in force and unreversed. 1 *Greenl. Ev. Sec*. 528.

*Doolittle & Sharpstein*, for defendant in error.

I. The replevin act of 1839 is a copy of the New York replevin act, except that the sections which in the New York act authorize the issuing of a *capias*

*ad respondendum* in the process and a *ca. sa.* in the execution, are altogether omitted. `2 *N. Y. R. S.* 524, § 11; *id.* 530, § 52; *Statutes of Wisconsin*, 273, § 10 *and* 11; *id.* 275, § 28 *and* 30.

II. 1. The statute states expressly the kind of execution to which the plaintiff is entitled against the defendant. (*Rev. Stat. ch.* 119, § 28 *and* 29.) Every other is by implication denied,—*expressio unius est exclusio alterius.* § 33, *p.* 276; *Laws* 1839; 17 *Charles II. ch.* 7, 9; *Gilbert on Rep.* 163 *and* 168.

2. Under the replevin act of this State, no defendant can be arrested and held to bail, because such a process is unauthorized by the statute, and was never known to the common law in replevin.

3. The writ of *ca. sa.* cannot be sued out against any but such as were liable to be taken upon a *capias ad respondendum.* 3 *Bac. Abr.* 385; 3 *Co.* 12; *Gilb. Exn.* 69; 3 *Conn.* 414; 4 *Com. Dig. Execution C.* 9, *pp.* 237, 238; 2 *Tidd's Prac.* 1025.

4. The law in no case gives the defendant a better writ than the plaintiff would have been entitled to. 2 *Com.* 262; 13 *Wen.* 68. Therefore, the *ca. sa.* under which the defendant justifies is illegal, and no protection to the defendant.

III. 1. The right to a judgment for the defendant in an action of replevin for the value of the property, is a right created by the statute, which provides an ample remedy; therefore it can be enforced only by the statute remedy. *Dudley vs. Mayhew*, 3 *Comst. Rep.* 9; *Gil. Rep.* 166; 1 *Comyn's Reports*, 122.

2. The common law gave the defendant a writ of *retorno habendo*, corresponding to his judgment for a return, which was the only kind of judgment rendered in favor of the defendant in an action of replevin at

common law, and it was enforced by the capias in withernam, alias and pluries, and by *scire facias* to pledges, and in case these all failed, by an action against the sheriff for taking insufficient pledges or sureties, in more modern times. *Tidd*, 1038; *Gil.* 160 to 187; § 8, *p.* 407, *Laws* 1839; 6 *Peters*, 110.

3. The writ of withernam was abolished by the Statutes of 1839, (*p.* 277, § 40,) and a provision made for the assignment of the bond and its prosecution, in lieu of the cumbersome common law proceeding (*p.* 277, § 41); while the Revised Statutes (§ 37, *p.* 615) render the matter still more simple by declaring that "whenever judgment shall be rendered against a plaintiff in an action of replevin, it shall be rendered against him and the securities in the bond," and "execution shall issue against all, with the like effect as if they had been parties to the suit.

This last provision was but a simplification of the law as it existed in the statute of 1839, and adopted as a substitute for the remedy upon the plaintiff's bond, the right to a judgment at once, and without suit. Under the present statute, no one can maintain that an execution could issue against the persons of the sureties, and if not against their persons, it cannot issue against the person of the principal. § 16, *art.* 1, *Const.* It is a legislative construction of the law, as it existed before the revision.

IV. The action of replevin, both at common law and by statute, is anomalous and peculiar.

1. Both parties may be said to be plaintiffs, and both defendants. *Yates vs. Fassett*, 5 *Denio*, 31.

2. Technically, it may be classed with tortious actions, but it only lay at common law in cases when the goods were distrained for rent, for fines, or damage

feasant, when the property was *in custodia legis*, and it was issued, not as a ministerial writ, but as a judicial writ. *Gilbert on Replevin*, 59.

3. The taking of the property by the sheriff is not tortious, even as to a stranger to the process. 4 *Denio*, 446; 2 *Comyn*, 590.

4. The delivery to the plaintiff is a legal delivery, and the property is in the custody of the law, and is not at the risk of the plaintiff. 12 *Wend.* 589. It is not tortious, and therefore when the defendant prosecutes the suit to judgment against the plaintiff for the value of the property, it is not recovering a judgment sounding in tort, or founded upon it. A defendant could no more maintain a suit against a plaintiff in an action for trover or trespass, for taking and detaining goods delivered to him in replevin under regular process, than if taken on attachment and receipted to the officer.

5. The delivery of the goods to the plaintiff is upon contract. At common law, pledges were placed in the hands of the lord to his satisfaction, and no delivery could be made until he was satisfied. *Gilbert on Replevin*, 62. The same provision, to a certain extent, is still retained in the New York statute, allowing exceptions as to the sufficiency of sureties.

6. The action is in the nature of a proceeding *in rem* against the specific property, and therefore no remedy is given against other property, or against the person in that action, except what the statute expressly gives. 5 *Denio*; 24 *Reynolds*, in *arguendo Sharp vs. Witherell*, 3 *Hill*, 576.

V. The ruling of the court on the subject of damages was clearly right.

VI. The proceeding before the Kenosha County

DEC. TERM 1853.

Parker
*vs.*
Pomeroy.

Court was not pleaded in bar, and, if pleaded, would be no bar to this action.

*By the Court,* CRAWFORD, J. The important question presented by the record in this case, and the only one upon which an error might be predicated, is whether a defendant in replevin, in whose favor a judgment for the value of the goods replevied, and damages for detention, with costs, has been rendered in the Circuit Court, is entitled to a *capias ad satisfaciendum* against the plaintiff to enforce his judgment.

We regret that this question is not open in the present case; and so far as this case is concerned, we cannot discuss it. At the December Term, 1851, of the Supreme Court, it was determined that the pleas of justification interposed by the defendants were bad, because a *ca. sa.* could not issue on a judgment in favor of the defendant in replevin, as above stated. The case was remanded, and after a trial in the Circuit Court, it is now before us on a writ of error.

However we might differ with the conclusion of the Supreme Court, as contained in the opinion given, still it must be esteemed, for all the purposes of the *present* case, *res adjudicata.* ( *Vide The Washington Bridge Co. vs. Stewart and others,* 3 *Howard,* 413.)

As we discover no other error in the case, we are, with reluctance, compelled to affirm the judgment of the Circuit Court.