[No. 31. Decided March 8, 1890.]

THE OREGON RAILWAY AND NAVIGATION COMPANY v. GEORGE DACRES.

RAILROADS — KILLING STOCK — PLEADING — EVIDENCE.

The ruling of a trial court denying a motion for a continuance will not be disturbed on appeal, where it appears that defendant did not use due diligence in endeavoring to secure the attendance or depositions of absent witnesses.

Sections 1 and 8 of act of Nov. 28, 1883 (Laws Wash. T. 1883, p. 51), held constitutional, and the remainder of the act invalid, following *Dacres v. O. R. & N. Co.*, which decision is accepted as the law of this case.

Under the valid sections of the above mentioned act a railroad company is liable for killing live stock, unless its track is fenced, whether it owns or operates the railroad; and it is liable as owner, although it may have previously leased the road to some other company or corporation.

Where it appears from the complaint that defendant's railroad track crossing plaintiff's farm was unfenced, and that plaintiff's bull went upon the track from said farm, without plaintiff's fault, and was killed, a cause of action is stated.

In an action against a railroad company for killing a bull, defendant's original answer, admitting, in effect, that defendant owned

and operated the train that killed the bull, is admissible in evidence, and the admission therein is conclusive of the fact admitted, unless shown to have been made under a mistake.

*Appeal from District Court, Walla Walla County.*

The facts sufficiently appear in the opinion.

*W. W. Cotton,* for appellant.

The act relating to fencing of railroad tracks, approved November 28, 1883, is unconstitutional. If the purpose of a statute is to accomplish a single object only, and some of its provisions are void, the whole must fail unless sufficient remains to effect the object without the aid of the invalid portions. Cooley, Const. Lim. 178–9; *Warren v. Charleston,* 2 Gray, 84; *Fisher v. McGirr,* 1 Gray, 1; 61 Am. Dec. 381; *Com. v. Hitchings,* 5 Gray, 482; *State v. Perry County,* 5 Ohio St. 497; *Jones v. Robbins,* 8 Gray, 329; *Taylor v. Ross County,* 23 Ohio St. 22, 84; *Slauson v. Racine,* 13 Wis. 398; *State v. Dousman,* 28 Wis. 541; *Campau v. Detroit,* 14 Mich. 276; *Com. v. Potts,* 79 Pa. St. 164.

The complaint does not state facts sufficient to constitute a cause of action. It is necessary to aver in the complaint and to prove that the cattle came upon the track at a point where the railroad company was bound to fence and failed to do so. *Morrison v. Railroad Co.,* 32 Barb. 568; *Railroad Co. v. Brevort,* 30 Ind. 324; *Belfontaine R. R. Co. v. Schuman,* 28 Ind. 40; *Toledo R. R. Co. v. Howell,* 38 Ind. 447; *Jeffersonville R. R. Co. v. Lyon,* 32 Ind. 107; *Nance v. St. Louis, etc., Ry. Co.,* 79 Mo. 196; *Asher v. St. Louis, etc., Ry. Co.,* 79 Mo., 432; *Louisville Ry. Co. v. Quade,* 91 Ind. 295; *Louisville Ry. Co. v. Hall,* 93 Ind. 245; *Wabash R. R. Co. v. Tretts,* 96 Ind. 450; *Bremmer v. Green River, etc., R. R. Co.,* 61 Wis. 114 (S. C. 19 Am. and Eng. Ry. Cases, 575).

*B. L. & J. L. Sharpstein,* for appellee.

The decision of the court relating to the constitutionality

of the act of November 28, 1883, on the former appeal
(20 Pac. Rep. 601) establishes the rule of law for this court,
and neither the parties nor the court can depart therefrom.
*Adams County v. Burlington, etc., R. R. Co.*, 2 N. W. Rep.
1054; *Parker v. Pomeroy*, 2 Wis. 112; *Continental Life
Ins. Co. v. Houser*, 111 Ind. 266; *Leighton v. Stuart*, 19
Neb. 546; *Pittsburgh, etc., R. R. Co. v. Hixon*, 110 Ind.
225; *Hiatt v. Brooks*, 17 Neb. 33; *Page v. Fowler*, 37 Cal.
100; *Galveston County v. Galveston Gas Co.*, 72 Tex. 509.

No more of the act should be held unconstitutional than
is plainly so; the parts not repugnant to the constitution
should stand and be given full force and effect.    *Tiernan
v. Rinker*, 102 U. S. 123; *Bank v. Dudley's Lessee*, 2 Pet.
492; *Robinson v. Bidwell*, 22 Cal. 379; *Fisher v. McGirr*,
1 Gray, 1 (61 Am. Dec. 381); *Keokuk v. Keokuk, etc.,
Packet Co.*, 45 Iowa, 196; *Knox County v. Davis*, 63 Ill.
405.

Under our statute railroad companies are made liable for
cattle killed by them without reference to their negligence.
*Nashville, etc., Ry. v. Peacock*, 25 Ala. 229; *Williams v.
New Albany, etc., R. R. Co.*, 5 Ind. 111; 1 Redf. Railways
(4th ed.) 490; *International, etc., Ry. Co. v. Cocke*, 64 Tex.
151; *McCall v. Chamberlain*, 13 Wis. 637; *Corwin v. New
York, etc., R. R. Co.*, 13 N. Y. 42; *Cressey v. Northern R.
R. Co.*, 59 N. H. 564 (47 Am. Rep. 227); *Burlington, etc.,
R. R. Co. v. Webb*, 18 Neb. 215 (53 Am. Rep. 809).

A railroad company cannot lease its road and thus relieve
itself of liability.    *New York, etc., R. R. Co., v. Winans*, 17
How. 30; *Ohio, etc., R. R. Co. v. Dunbar*, 20 Ill. 624;
*Abbott v. Johnstown, etc., R. R. Co.*, 80 N.Y. 27; *Toledo, etc.,
Ry. Co. v. Rumbold*, 40 Ill. 143.

The opinion of the court was delivered by

ANDERS, C. J.—This action was brought by appellee to
recover the value of a bull alleged to have been killed by
defendant's train.

The complaint alleges "that at all the times hereinafter mentioned, the defendant was and is a corporation duly incorporated, and engaged in operating a line of railroad in Washington Territory and elsewhere. That on the 3d day of May, 1888, and for a long time prior thereto, the plaintiff was the owner of, and in the possession of a certain farm situated·in sections 19 and 20, township 7 north, of range 36 east of the Willamette meridian, in Walla Walla county; and that on said 3d day of May, plaintiff was the owner of a certain short-horned Durham bull of the value of $500, which bull was kept and pastured by plaintiff on said farm. That the track and railroad of the defendant cross over and through the farm of plaintiff aforesaid, and said track and railroad is and was on said 3d day of May, 1888, and for a long time prior thereto, wholly unfenced. That on or about said day plaintiff's said bull strayed and went upon the said defendant's said track, from plaintiff's said farm, without plaintiff's fault, and was then and there killed by defendant's train then passing over said road, to the damage of plaintiff in the sum of $500."

To the complaint a general demurrer was interposed, which was overruled by the court, after which the defendant answered as follows: "The defendant by its answer admits that at the time mentioned in the complaint the defendant was a corporation, and was the owner of the lines of railroad in Washington Territory, and of the immediate road in the complaint mentioned, but denies that it was then or there operating said railroad or any railroad owned by defendant, in Washington Territory or elsewhere. Admits that the plaintiff was the owner of the bull in said complaint described, but denies that he was of the value of $500, or of any greater value than $200. Alleges that plaintiff's bull strayed upon the track of said railroad through the fault of plaintiff. Admits that said bull was struck by a locomotive running on said railroad track and was killed, but denies that said locomotive or train on said

railroad was then or there operated by the defendant or defendant's servants, agents, or employés, or that it had anything whatever to do with said railroad, or any locomotive or train thereon, and denies that by any act whatever of the defendant, its servants, agents or employés, or either or any of them, that said bull was killed, or that plaintiff was damaged by the defendant in the sum of $500, or any other sum." The plaintiff replied, denying each and every allegation of the answer. Judgment, upon the verdict of a jury, was rendered for plaintiff for the sum of $430.45 and costs, from which defendant appeals to this court.

Several errors are assigned by appellant as grounds of reversal of the judgment of the court below. The first to which our attention is directed by the brief and argument of counsel for appellant is, that the court erred in overruling the defendant's motion for a continuance. But it does not appear that the defendant used such diligence in endeavoring to secure the attendance or deposition of absent witnesses as it might or should have done. And as we cannot say that the trial court was guilty of an abuse of its discretion in that regard, its ruling will not be disturbed.

It is next urged that the act of the legislature of the Territory of Washington, approved November 28, 1883, under which this action was brought, is unconstitutional and void. We would be inclined to adopt the view of counsel for appellant as to the invalidity of this statute, were it an open question in this case. But the supreme court of the territory, upon a former appeal of this action, sustained §§ 1 and 8 of the statute upon which this action is founded, but declared the remainder invalid. See *Dacres v. Oregon R. & N. Co.*, 20 Pac. Rep. 601. And we are, therefore, constrained to accept that decision of the court as the law of this case. See *Parker v. Pomeroy*, 2 Wis. 112; *Pittsburg, etc., Ry. Co. v. Hixon*, 110 Ind. 225; *Hiatt v. Brooks*, 17 Neb. 33; *Galveston County v. Galveston Gas Co.*, 72 Texas, 509;

*Willis v. Smith,* 72 Tex. 565; *Applegate v. Dowell,* 17 Or. 299.

It is also contended by appellant that the complaint fails to state a cause of action, and that its demurrer should, therefore, have been sustained. But we can predicate no error upon the ruling of the court upon the demurrer.

We think it fairly appears from the complaint that the railroad track was, at the time of the accident, unfenced, and that the animal killed went upon the track from the plaintiff's field, and at a place unfenced. It is doubtless true that the complaint is not as specific in its allegation as, perhaps, it should have been, but we think it not insufficient on demurrer.

Appellant further insists that the court below erred in instructing the jury that "the only questions for the jury to determine are whether the defendant was operating the railroad trains, at the time plaintiff's bull was killed, which killed the bull, and the value of the bull," and that "there is no evidence that there was a lease, by the defendant, and if there was it would make no difference, for if, at the time the bull was killed, the defendant was operating the road through its lessees, it is as liable as it would be if it operated the road through its employés."

This instruction must be considered in the light of the facts before the court, and of the statute above referred to, the first section of which is as follows: "That all railroad companies owning or operating lines of railway within the Territory of Washington shall be liable to the owners of all live stock for the full value of all such live stock killed or maimed by their passing trains". Section 8 of this act provides that "no railroad company shall be liable for stock killed upon their roads, when the same is fenced by such company with a good lawful fence."

It would seem from this statute, that if a railroad company either owns or operates a railroad, it is liable for live

stock killed, unless its track is fenced as specified in the eighth section. And if this is so, appellant was liable as owner of the road, even although it had proved that it had previously leased it to some other company or corporation. It therefore follows that the instruction was not erroneous and must be sustained. Under the statute, therefore, as previously construed in this case, all that was necessary to entitle plaintiff to recover was to show the value of the animal killed and that the road was unfenced — the ownership of the road and of the bull being admitted in the pleadings. See Redfield on Law of Railways (4th ed.), 490; *Lafferty v. Chicago, etc., Ry. Co.*, 71 Mich. 35.

Exception is urged to the admission in evidence of defendant's original answer in the case, in which it was, in effect, admitted that defendant owned and operated the train which killed the bull in question. But we have no doubt of its admissibility. And the admission therein is so far binding upon the defendant as to be conclusive of the fact admitted, unless shown to have been made under a mistake; and no such showing was attempted by defendant.

And it being thus admitted by the defendant that it was operating the road, the court was justified in saying to the jury that it would make no difference if the road was leased. We do not think that the oral evidence introduced to establish a lease was, under the circumstances, competent for the purpose. Counsel for appellant claims that under the laws of Washington railroad companies may lease their roads. But the only law brought to the attention of the court is that found on pages 62 and 63 of the laws of 1883, and that statute requires such leases to be in writing, and are not valid against any subsequent judgment creditor, unless recorded in the office of the county auditor in the county in which the principal office of the lessee may be. We do not now decide that this statute applies to the

alleged lease of the defendant's road; but if it does, defendant should have complied with its requirements.

Objection is also made to the refusal of the court to give to the jury the instructions asked by appellant. But as the court charged the jury in accordance with the established law of the case, we are of the opinion that appellant was not prejudiced by the refusal. We would not be understood, however, as saying that we would so hold were the case now up for review for the first time.

Finding no substantial error in the record, the judgment of the court below must be affirmed, with costs; and it is so ordered.

HOYT and STILES, JJ., concur.

DUNBAR and SCOTT, JJ., concur in the result.