(No. 5885. May 25, 1933.)

INDEPENDENT SCHOOL DISTRICT No. 2 OF POWER COUNTY, IDAHO, Appellant, v. VIOLET B. BUTLER, as County Superintendent of Public Instruction of Power County, Idaho, Respondent.

[22 Pac. (2d) 685.]

Lyle M. Colborn and Black & Baum, for Appellant.

W. C. Loofbourrow and Peterson & Clark, for Respondent.

MORGAN, J.—This is a *mandamus* proceeding commenced by appellant to compel Cora E. Darling, then a school superintendent of Power county, to approve its claim against Common School District No. 8 of Power county, for tuition, and to transfer certain moneys from its funds and place them to the credit of appellant, because of the attendance at appellant's high school of certain pupils alleged to have

been, at the time of their attendance, residents of said District No. 8. An alternative writ of *mandamus* was issued and a trial was had resulting in a decree quashing it and denying relief to plaintiff. This is an appeal from the decree.

The claim of appellant is based upon Idaho Code Annotated, sec. 32–1601, which provides:

"All school districts within the state of Idaho which do not maintain a four-year high school shall pay tuition for pupils of such district who have completed the course offered therein and who desire to attend high school in another district. If the two districts are in the same county, the amount of tuition, as hereinafter set forth, shall be transferred by the county superintendent from the district wherein the pupil resides to the district wherein he attends high school from the county school fund."

This cause was tried and decided by the court below upon the theory that *mandamus* was the proper remedy and available to appellant, and will be disposed of here on that theory, without passing upon the question as to whether it is or is not the proper remedy.

Appellant has moved that Violet B. Butler be substituted for Mrs. Darling, as respondent herein. Idaho Code Annotated, sec. 5–319, provides for substituting, as a party litigant, the successor of an officer in an action or proceeding, brought against him in his official capacity, which is pending at the time of his retirement from office.

We do not desire to be understood as passing upon the question of whether, as a matter of right, a successor in office may be substituted for his predecessor as a party to an appeal in the supreme court in a *mandamus* proceeding. However, no objection is made to substitution in this case and, it appearing that since the entry of judgment Mrs. Butler has been elected to the office of county school superintendent of Power county, and that she has qualified as such officer and now holds that office, and it further appearing that no substantial right will be violated by such substitution, the motion is granted.

The question of fact, answer to which will determine this case, is: Did these pupils reside in Independent School District No. 2 at the time they attended its high school? The evidence shows Mr. May and Mr. Ricketts, the fathers of the pupils, owned farms in Common School District No. 8 and residence properties in the village of Rockland within Independent School District No. 2; that the May and Ricketts families occupied their farm homes during portions of each year and during other portions, particularly the winter months, they occupied their residence properties in the village; that during portions of the times the families were domiciled on their farms the pupils attended school in appellant district, traveling back and forth for that purpose; at other times they remained in the village while other members of their families remained on the farms; that the fathers of these families remained on the farms more than did the other members, and that they participated in elections in the village, and each has held the office of school trustee in appellant district; that the pupils in question attended school in appellant district when school was in session, almost continuously, since they were old enough to go to school.

The trial court found these pupils were actual residents of Independent School District No. 2, at the time they attended its high school, and entered judgment accordingly.

The rule applicable to the facts in this case is stated in the second section of the syllabus in *Jones v. Vanausdeln,* 28 Ida. 743, 156 Pac. 615, as follows:

"Where a trial court, sitting as a court of equity, makes findings of fact based upon conflicting evidence, and there is evidence to support both theories of the case, and from which reasonable men might draw different conclusions, such findings of fact will not be disturbed on appeal."

The evidence is sufficient to sustain this finding and the decree is affirmed, with costs to respondent.

Budge, C. J., and Givens, Holden and Wernette, JJ., concur.