(No. 6792. September 17, 1940.)

M. A. GORE and J. H. SEIBLY, Trustees, M. A. GORE and J. H. SEIBLY, Individually, W. I. STONE and MAGGIE A. STONE, Husband and Wife, WALTER E. MATTOON and LAURA E. MATTOON, Husband and Wife, LILLIAN AIRY, J. E. STEIGLER, ALEXANDER BEDDOE, NEAL ARMSTRONG, J. D. DRIVER, CLAUDE HUTCHINGS, F. H. HESS, H. W. WHITAKER, CHESTER A. JOHNSTON, F. M. OLIVER and F. W. PETERSON, Respondents, v. RICHARD ALLEN MINING COMPANY, a Corporation, CLAUDE FINCH and Mrs. KATE FINCH, Aplants.

[105 Pac. (2d) 735.]

624

Frank Croner, for Appellants.

Bissell & Bird, for Respondents.

MORGAN, J.—This is a suit to foreclose a real estate mortgage on three mining claims and a chattel mortgage on mining machinery, tools and equipment, the property of appellant Richard Allen Mining Company, the mortgagor. Respondents M. A. Gore and J. H. Seibly, trustees, are the mortgagees. It was recited in the mortgages that they were given to secure the payment of a series of promissory notes in a total amount of not to exceed $10,000. Notes were executed and delivered by the mortgagor to each respondent for money loaned to it by him amounting, in the aggregate, to $5,520. The trial judge found that, in addition to loans evidenced by notes, certain respondents, after the mortgages were made, loaned to the mortgagor, from time to time, sums of money amounting to $2,670; that the money last above mentioned was advanced and loaned to the mortgagor upon its promise and agreement that it would execute and deliver to the respondents making the loans its promissory notes therefor and that payment thereof was to be secured by the mortgages above mentioned. Appellants denied the allegation in the complaint with respect to an agreement that money loaned to the mortgagor, not included in the notes executed by it, was to be secured by the mortgages, and they plead the bar of the statute of limitations. Trial resulted in judgment against the mortgagor and in a decree of foreclosure, from which this appeal has been prosecuted by defendants Richard Allen Mining Company, Claude Finch and Kate Finch.

The specification of errors presents two questions for decision: 1. Are the loans, which are not evidenced by notes, secured by the mortgages? 2. Is recovery barred by the statute of limitations?

The trial judge found:

"That in addition to the several notes above described, the following named persons advanced the following amounts of money on the following dates, to said Richard Allen Mining Co., under the security of said mortgages, to-wit: [Here follows a list of the names of respondents, amounts of money and dates referred to].

"That all of said amounts were advanced by said persons above named in this paragraph under said real estate and chattel mortgages hereinabove described and introduced into evidence as plaintiffs' exhibits 'A' and 'B', respectively, and said money was obtained by said Richard Allen Mining Co., from said persons upon said company's promise and representation that notes of the company in the form hereinabove referred to and as set forth in plaintiffs' complaint, would be given to said persons for said advances and secured by said mortgages. That no part of said cash advances have been repaid though demand has been made upon said defendant Richard Allen Mining Co., for payment thereof and said defendant has refused to issue its notes for said money so loaned under said mortgages."

The testimony on this point, though conflicting, is ample to sustain the finding. "Where a trial court, sitting as a court of equity, makes findings of fact based upon conflicting evidence, and there is evidence to support both theories of the case, and from which reasonable men might draw different conclusions, such findings of fact will not be disturbed on appeal." (*Jones v. Vanausdeln,* 28 Ida. 743, 156 Pac. 615; *School Dist. No. 2 v. Butler,* 53 Ida. 187, 22 Pac. (2d) 685; *Hill v. Wilkinson,* 60 Ida. 243, 90 Pac. (2d) 696.)

Respondents insist their suit is not barred by the statute of limitations and they rely on finding of fact No. 6, which is sustained by the evidence, as follows:

"That at the time of the execution of said notes and mortgages and at the time the advances hereinabove referred to were made and at all times subsequent thereto, the defendants Claude Finch and Kate Finch, vice-president and secretary, respectively, of the Richard Allen Mining Co., have had and still have, the entire management of the affairs of the defendant Richard Allen Mining Co. That on numerous and diverse occasions since the execution of said notes and mortgages and the making of the advances hereinabove referred to, the defendant Richard Allen Mining Co., acting by and through its said officers and managers, Claude Finch and Kate Finch, by written letters written to the trustee M. A. Gore and others of the note holders, acknowledged the exist-

ence of the mortgages and notes and the indebtedness owed by said corporation, both that represented by the notes and the advances. Said written acknowledgments of the indebtedness are shown by plaintiffs' exhibits G, L–1 to L–16, inclusive, and M–1 to M–4, inclusive.''

The record shows the statutory period of limitation had not run after the letters mentioned in the finding were written and prior to the commencement of suit.

It is appellants' contention that the trial judge erred in finding that Claude Finch and Kate Finch had authority to acknowledge the existence of the corporation's indebtedness. Claude Finch and Kate Finch are husband and wife. At all times mentioned in the record they were directors of appellant corporation and he was vice-president and she was secretary thereof. They negotiated the loans of money, executed the notes and mortgages and, on the corporation's behalf and for its use and benefit, entered into all agreements involved in this suit. Many of the letters mentioned in finding No. 6 were written for the purpose of procuring forbearance to sue on its past due indebtedness involved herein. With full knowledge of these acts of its officers and agents appellant corporation accepted the benefits thereof.

■■ ■ The rule applicable to this phase of the case is stated thus in 13 Am. Jur. 870, section 890:

''It is a fundamental and well-settled rule that when, in the usual course of the business of a corporation, an officer or other agent is held out by the corporation or has been permitted to act for it or manage its affairs in such a way as to justify third persons who deal with him in inferring or assuming that he is doing an act or making a contract within the scope of his authority, the corporation is bound thereby, even though such officer or agent has not the actual authority from the corporation to do such an act or make such a contract. This authority is known as apparent or ostensible authority. This apparent authority is materially the same and is based upon the same principles as authority by estoppel. Stating the rule in terms of estoppel, a corporation which, by its voluntary act, places an officer or agent in such a position or situation that persons of ordinary prudence, conversant with business usages and the nature of the particular busi-

ness, are justified in assuming that he has authority to perform the act in question and deal with him upon that assumption is estopped as against such persons from denying the officer's or agent's authority.''

See, also, *Blackwell v. Kercheval,* 27 Ida. 537, 149 Pac. 1060; *Bow v. R. & N. Oil Gas Co., Ltd.,* 43 Ida. 80, 251 Pac. 295; *Easton v. Butterfield Livestock Co.,* 48 Ida. 153, 279 Pac. 716; *Arnold v. National Bank of Waupaca,* 126 Wis. 362, 105 N. W. 828, 3 L. R. A., N. S., 580.

The mining company voluntarily placed its vice-president and secretary in such a position as to justify respondents in assuming they had authority to acknowledge its indebtedness and thereby toll the bar of the statute of limitations and, with full knowledge of the facts, it accepted the benefits of their acts and thereby ratified them. It is estopped from denying the authority of its vice-president and secretary to so act.

The judgment and decree appealed from are affirmed. Costs are awarded to respondents.

Ailshie, C. J., Budge, Givens and Holden, JJ., concur.