(No. 6785.   October 24, 1940.)

ALMA G. CONDIE, Respondent, v. WILLIAM SWAIN-
STON, HAROLD SWAINSTON, SERGE BALLIF
and WINDER RESERVOIR COMPANY, a corpora-
tion, Appellants, and TWIN LAKES CANAL COM-
PANY, a corporation, Interpleaded Respondent.

[112 Pac. (2d) 787.]

ON REHEARING MAY 1, 1941

Jesse P. Rich and A. W. Hart, for Appellant.

474

Ben Johnson, for Respondent.

P. J. Evans, for Interpleaded Respondent.

GIVENS, J.—Respondent Alma G. Condie brought this action July 22, 1938, to enjoin the appellant Winder Reservoir Company, its officers and agents, from trespassing upon his lands. The individual appellants contended they made the entry on respondent's lands as agents of Winder Reservoir Company, in which they were stockholders, and that said company owned a reservoir and ditches on said lands and a right of way and easement therefor and that such entry was for the purpose of cleaning and maintaining such ditches and reservoir.

By way of cross-complaint appellant company alleged ownership in 3.50 cubic feet per second of the waters of Battle Creek by reason of appropriation and application to a beneficial use of such amount by its predecessors in interest, the Strong Arm Reservoir Company, since 1883; that in order to make proper use of said water appellant's predecessors in interest constructed the reservoir and ditches in question for the purpose of storing said water and catching the natural run off from surrounding hills and that the waters were diverted from said reservoir by means of canals, ditches and syphons or flumes and

put to a beneficial use in irrigation of the lands of appellant Winder Reservoir Company's stockholders and their predecessors in interest from April 1st until October 1st every year since 1883; that the predecessors in interest of Twin Lakes Canal Company, the Oneida Irrigation District, constructed a canal which cut the ditch of Winder Reservoir Company leading from Battle Creek to appellant's reservoir and that in the year 1905 an agreement was made by the predecessors in interest of appellant and the Oneida Irrigation District whereby Oneida Irrigation District promised to deliver to Winder Reservoir the same amount of water said predecessors of Winder Reservoir Company were entitled to appropriate from Battle Creek, and prayed the interpleaded respondent, Twin Lakes Canal Company, as successor in interest to the Oneida Irrigation Company be enjoined and restrained from preventing the water of Battle Creek from running into appellant's reservoir, or in lieu thereof, that it be required to deliver to said reservoir the amount of water received by it from Battle Creek to which appellant Winder Reservoir Company was entitled.

As a second cause of action appellant's cross-complaint alleged respondent Condie had appropriated to his own use certain pieces of appellant's syphon and claimed damages of $500 therefor.

The interpleaded respondent alleged abandonment by appellant of the waters of Battle Creek and application thereof to a beneficial use by said interpleaded respondent but did not ask to be decreed the right to such waters.

The trial court, sitting without a jury, found the predecessors in interest of appellant Winder Reservoir Company did appropriate and put to a beneficial use on lands of its stockholders 3.50 cubic feet per second of the waters of Battle Creek and that they had constructed the dam and system of ditches and syphons or flumes above mentioned for the purpose of distributing said waters, but

"That none of the said water stored in said reservoir and used by the said defendant corporation, or its predecessors in interest, up to the year 1926, have been used at all by said defendant corporation in any year since the year 1926, in irrigating any of the lands of its said stock-

holders between the 1st day of April of each year until the 1st day of October of each year, or at all, nor have any of stockholders of said defendant corporation, used any of the waters of said reservoir during all or any part of any year since the said year 1926, for culinary, domestic or for stockwatering purposes, except that one or two of the stockholders of said defendant corporation did make some occasional use of a small indefinite amount of said water, in some unknown years, for stockwatering purposes, by running a small amount thereof down a natural channel from said reservoir, and watering some stock thereat, as the same flowed through their said lands, but that such use was a personal use by said stockholders, and not a distribution of said water by said defendant corporation. That the defendant corporation has abandoned all use of all water from Battle Creek, or in or from said reservoir, and all use of the ditch and syphon leading therefrom, since the year 1926, and has made no beneficial use of said water or any part thereof since that date."

The court further found the interpleaded respondent, Twin Lakes Canal Company, and its predecessors in interest, the Oneida Irrigation Company, had been prevented from performing its agreement to furnish water to the Winder Reservoir in place of the water from Battle Creek intercepted by the interpleaded respondent's canal because appellant company had permitted its distribution system from the reservoir to be destroyed to the extent that delivery of water from the reservoir and Battle Creek has been impossible since 1926 and that since 1926 the interpleaded respondent has conveyed all of said Battle Creek water formerly stored in the reservoir to the lands of its own stockholders and applied the same to a beneficial use thereon, and that the same was and is necessary therefor.

In regard to the cause of action for the taking and converting of the iron syphon by respondent the court found that appellant did construct such syphon across a depression approximately 700 feet wide on lands now belonging to respondent, but that at the time the syphon was constructed said lands were school lands of the State of Idaho and appellant offered no proof to show a compli-

ance with the laws regarding rights of way across state lands (Sec. 56-501, I. C. A.) ; that respondent acquired said lands in the year 1927 and his deed contains no reservation of any right of way in favor of appellant corporation or any other person; that appellant corporation had abandoned said syphon in the year 1926 and failed to furnish evidence as a basis for any measure of damages for the 80 feet taken by respondent.

The trial court gave judgment dismissing the action as against defendants William Swainston, Harold Swainston and Serge Ballif, they having disclaimed in open court all interest in the action; perpetually enjoining and restraining the appellant Winder Reservoir Company, its servants, agents, employees, successors and assigns from entering in or upon respondent's premises for any purpose whatsoever and dismissed the cross complaint against respondent and the interpleaded respondent, Twin Lakes Canal Company, with costs. Appellant Winder Reservoir Company appeals from said judgment.

The finding that none of the waters from Battle Creek or the reservoir have been used by appellant Winder Reservoir Company or its stockholders since 1926 is supported by uncontradicted evidence. Defendant William Swainston testified on cross-examination as follows:

"Q. 1926 is the last year you irrigated any land from water stored in any reservoir, is it not?

A. Yes, sir.

\*    \*    \*    \*    \*    \*    \*    \*

THE COURT: What do you mean, Mr. Swainston, just you personally, or do you mean——

A. I mean the company.

THE COURT: All right.

Q. None of your stockholders have irrigated any lands from waters stored in that reservoir since 1926, have they?

A. No, sir."

Likewise, the testimony of Mr. Shuldberg, an officer of the Twin Lakes Canal Company, called by the appellants, that they had furnished water to the Winder Reservoir Company under agreement with it up until 1925 or 1926

when its syphon and ditches were destroyed, and that since that year all such water had been beneficially used by Twin Lakes Canal Company, is undisputed.

There is some attempt on the part of appellant to show it did all it could do each year to maintain its ditches and syphon and some of its stockholders did use what water was available for stockwatering purposes by running the water down the natural channel from the reservoir. While it is true the water was to some extent used for watering stock, the court's finding that such use was intermittant and occasional, in small and indefinite amounts and was a personal use by the stockholders of appellant company and not by appellant company itself, is well supported by the evidence. Appellant's own witnesses disclaimed any right to the water distinct from Winder Reservoir Company.

The answer and cross complaint of appellant company makes no claim to any water for any other purpose than irrigation and it is clear from all the evidence no attempt to irrigate has been made by appellant company since 1926, with the possible exception of 1933, and even that year the ditches and syphon on respondent's premises were not repaired and nothing done which would evidence an intention to take water from the reservoir for irrigation.

The finding and conclusion of the trial court that appellant has abandoned its ditches and syphon and the easement and right of way for the maintenance of said reservoir and syphon upon respondent's land and no longer has any right thereto (if they ever legally had such an easement) is amply supported by substantial evidence and is, therefore controlling and justified the decree that:

"It is further ordered, adjudged and decreed, that none of the said defendants, and particularly the Winder Reservoir Company, has any right, title or interest in, over or upon said land or any part thereof for any purpose, and said defendant the Winder Reservoir Company, its servants, agents, employees, successors and assigns, are hereby perpetually enjoined and restrained from entering in or upon plaintiff's said described premises for any pur-

pose whatsoever." (*Village of Fairview v. Franklin etc. Irr. Co.*, 59 Ida. 7, 79 Pac. (2d) 531; *School Dist. No. 2 v. Butler*, 53 Ida. 187, 22 Pac. (2d) 685; *Muir v. Allison*, 33 Ida. 146, 191 Pac. 206; 19 C. J. 943, sec. 152; 19 C. J. 943, sec. 153; 19 C. J. 954, sec. 172; 19 C. J. 956, sec. 176; 19 C. J. 957, sec. 177; 17 Am. Jur. 1031, sec. 147; 17 Am. Jur. 1030, sec. 145; 17 Am. Jur. 1026, sec. 141; 1 A. L. R. 887; 66 A. L. R. 1104; 98 A. L. R. 1294; *In re Department of Reclamation*, 50 Ida. 573, 300 Pac. 492.)

■ The only evidence as to the value of the pieces of the galvanized syphon (some 80 feet in length) which respondent admittedly was using for culverts on his land was as to the original cost, namely $1000 for the entire syphon, about 700 feet long. The court took the position that appellant would be limited to a showing of market value as a measure of damages. This was unduly restrictive. (*Thibadeau v. Clarinda Copper Min. Co.*, 49 Ida. 504, 289 Pac. 608; *Mayes v. Cunningham*, (Mo.) 204 S. W. 404; *Durocher v. Myers*, (Mont.) 274 Pac. 1062; *Company A, First Regiment etc. v. Hughes*, (N. D.) 205 N. W. 722; *Alamo Auction Co. v. Lawson*, (Tex.) 10 S. W. (2d) 600; *Miller v. Brand*, (Tex.) 32 S. W. (2d) 874; *Kimball v. Betts*, (Wash.) 169 Pac. 849; *Barber v. Motor Inv. Co.*, (Ore.) 298 Pac. 216; 15 Am. Jur. 534, sec. 125; 26 R. C. L. 1148, sec. 63; 8 R. C. L. 486, sec. 47; 65 C. J. 133, sec. 249.)

The cause is therefore remanded to the trial court to take evidence in regard to this feature and render judgment for appellants accordingly.

The court merely found in accordance with the respective prayers for relief of respondent and interpleaded respondent, that appellant had abandoned its right of way but did not decree that the interpleaded respondent had acquired the water right connected therewith. In affirming the judgment therefor the decision merely goes to a determination that appellant's right of way over respondent's land had been abandoned and there is no adjudication as to who now has the right to the use and ownership of the said water rights. The right of way for the ditches and reservoir reverts to respondent as the owner of the enclosing land.

Judgment thus *affirmed* but cause remanded for purpose indicated.

Costs in favor of respondent and cross-respondent against appellant Winder Reservoir Company.

Aishie, C. J., and Morgan and Holden, JJ., concur.

BUDGE, J.—I concur in the opinion except as to costs. Respondent Condie should be allowed his costs against appellant Winder Reservoir Company, a corporation. No costs should be allowed to the Twin Lakes Canal Company, a corporation.

(ON REHEARING)

May 1, 1941

BUDGE, C. J.—November 13, 1940, appellants filed their petition for a rehearing, December 18, 1940, the petition was granted, and March 31, 1941, the cause was reargued at the regular Pocatello term.

After careful re-examination and consideration of the entire record, including the authorities cited in the briefs of the respective parties, as well as other authorities, we are unable to reach any other conclusion than the one heretofore expressed in the former opinion. Appellants, in their answer, specifically admit that respondent is the owner in fee of the reservoir site and, also, the land over which a portion of the ditch is constructed to the reservoir. Appellants are bound by their pleadings in this respect. (*Knowles v. New Sweden Irr. Dist.*, 16 Ida. 217; *State v. Thum*, (on rehearing) 6 Ida. 331; *Bloomingdale v. Du Rell*, 1 Ida. 40; *Page v. Geiser Mfg. Co.*, 17 Okla. 110, 87 Pac. 851; *Southwestern Broom & Warehouse Co. v. City Nat. Bank*, 52 Okla. 422, 153 Pac. 204; *Oregon Ry. & Nav. Co. v. Dacres*, 1 Wash. 195, 23 Pac. 415; *Chase v. Van Camp Sea Food Co.*, 109 Cal. App. 38, 292 Pac. 179.)

There is direct and irreconcilable conflict in the testimony. There is, however, substantial evidence to support the trial court's findings and judgment, which

being true, this court has no alternative but to affirm the judgment. I. C. A. 11-219 provides:

"Upon an appeal from a judgment the court may review the verdict or decision and any intermediate order or decision, if excepted to, which involves the merits or necessarily affects the judgment, except a decision or order from which an appeal might have been taken; provided, that *whenever there is substantial evidence to support a verdict the same shall not be set aside.*" (Italics ours.) See authorities supporting italicised portion of statute cited on page 626, Vol. 1 of I. C. A., which are too numerous to mention.

Realizing the necessity and the value of water to arid lands, the legislature wisely provided for the condemnation of reservoir sites. (I. C. A. 13-701, subsec. 3.) The legislature also provided for the condemnation of rights of way over private property, and for the construction of canals, ditches or other works by means of which water may be conducted to the place of use, or impounded. (I. C. A. 41-1006.)

To disturb the judgment in the instant case would be to violate the settled law of this jurisdiction. The judgment must, therefore, be sustained, and it is so ordered.

Givens, Holden and Ailshie, JJ., concur.

MORGAN, J. (Concurring)—I concur in the conclusion reached in the foregoing opinion on rehearing but dissent from that part of it which, in effect, bases the rule that a judgment will not be set aside because of conflict in the testimony if the evidence which tends to support it would be sufficient to sustain it, on a statute.

In the first place, sec. 11-219, relied on in the opinion as a basis for the rule, relates to verdicts of juries and not to findings of fact by judges, and this case was tried and decided by a judge.

In the second place, sec. 11-219 violates Art. V, sec. 13 of the Constitution of Idaho, which is:

"The legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a coordinate department of the

government; but the legislature shall provide a proper system of appeals, and regulate by law, when necessary, the methods of proceeding in the exercise of their powers of all the courts below the Supreme Court, so far as the same may be done without conflict with this constitution."

The action to be taken by this court with respect to a verdict, or judgment, whether supported by substantial evidence or not, is not a proper subject for direction by the legislature.

However, this court has, in a great many cases, held that findings of fact by the trial judge, who presided at the trial and had an opportunity to observe the demeanor of witnesses when they testified, will not be disturbed because of conflict in the testimony, if there is substantial evidence to sustain them. That rule is firmly fixed in the case law of Idaho, and is not dependent on a statute. Among the recent cases wherein it has been followed are: *State v. Snoderly,* 61 Ida. 314, 101 Pac. (2d) 9 (wherein a large number of Idaho cases on this point are cited); *Estate of Brown,* 61 Ida. 320, 101 Pac. (2d) 11; *Bussell v. Barry,* 61 Ida. 350, 102 Pac. (2d) 280; *Idaho Lumber & Hardware Co. v. Di Giacomo,* 61 Ida. 383, 102 Pac. (2d) 637; *Gore v. Richard Allen Mining Co.,* 61 Ida. 622, 105 Pac. (2d) 735. See, also, *Phipps v. Boise Street Car Co.,* 61 Ida. 740, 107 Pac. (2d) 148.