[No. 1034. Decided December 30, 1893.]

JEROME CATLIN, *Respondent*, v. JAMES HARRIS, *Appellant.*

CONTINUANCE — ABSENCE OF ATTORNEY — PROMISSORY NOTES — CANNOT BE VARIED BY PAROL CONTRACT.

The refusal of the court to grant a continuance on the ground that the defendant could not have the services of a certain attorney on the day that the cause was set for a trial, such day having been fixed at the instance of defendant after the setting aside of a default against him, is not an abuse of discretion.

Parol evidence is inadmissible for the purpose of proving that a promissory note does not represent the true amount due from the maker to the payee, nor the exact time when payment matures.

*Appeal from Superior Court, King County.*

Action upon promissory notes executed by defendant to plaintiff. The defendant set up an affirmative defense, that the notes were executed as part of a parol contract, whereby they were to be cashed at the bank, and when they came due were to be paid off by plaintiff, and the money received from the bank by defendant was to be considered as an advance made under a hop contract; that the money so furnished was not to be paid back except from the proceeds of hops raised under said contract. The court refused to admit parol evidence to prove such contract, on the ground that it would have the effect of varying the terms of a written contract.

*Thompson, Edsen & Humphries*, and *Ronald & Piles*, for appellant:

Appellant did not attempt to contradict the writing, but did attempt to show that it was executed under a certain parol agreement entered into between respondent and appellant. The agreement attempted to be proven was a collateral one. *Chapin v. Dobson*, 78 N. Y. 74; *Welz v.*

*Rhodius*, 87 Ind. 1; *Shughart v. Moore*, 78 Pa. St. 469; *Powelton Coal Co. v. McShain*; 75 Pa. St. 238; *Isaacs v. Jacobs*, 8 N. Y. Supp. 344; *Juilliard v. Chaffee*, 92 N. Y. 529; *Reynolds v. Robinson*, 110 N. Y. 654; *Bookstaver v. Jayne*, 60 N. Y. 146; *Lipscomb v. Lipscomb*, 10 S. E. Rep. 929.

*Allen & Powell*, for respondent:

The agreement which defendant desired to prove was inconsistent with the terms of the notes, and dealt with the same subject matter.    The notes are contracts for the payment of a certain sum, at a certain time, at a certain rate of interest.    The defense was a parol agreement with defendant that he should never have to pay the notes, but that he should pay the same sums at a different time, and a different rate of interest.    This defense was not admissible.  *Burnes v. Scott*, 117 U. S. 582;  *San José Bank v. Stone*, 59 Cal. 183;  *Davis v. Randall*, 115 Mass. 547;  *Wright v. Remington*, 41 N. J. Law, 48;  *Thompson v. McKee*, 37 N. W. Rep. 367;  *Knoblauch v. Crossman*, 37 N. W. Rep. 586;  *McCormick Co. v. Wilson*, 40 N. W. Rep. 571;  *Clark v. Gramling*, 16 S. W. Rep. 475;  *Wharton v. Douglass*, 76 Pa. St. 275.

The opinion of the court was delivered by

DUNBAR, C. J.— It is strenuously urged by the appellant, that the trial court abused its discretion in not granting a continuance on the showing made.    It seems to us that the affidavit of S. H. Piles, upon which the appellant places great reliance, does not in any way strengthen his case.    The affidavit shows that Piles, on account of rush of business, declined in the first place to accept the employment of appellant, advising him to employ Thompson, which he did.    In the second instance, he could not, in any way, have been taken by surprise so far as Piles not

being able to attend to his case is concerned, for when he made application to Piles he told him plainly that he could not attend to the case on the 19th of June, the date for which the trial was set. It is true that in a spirit of accommodation he made an application for a continuance for him, and stated in his affidavit that he could attend to the case if it were continued. But appellant cannot urge as a reason for reversing the action of the court that he did not prepare for his defense because he relied upon his application for a continuance. That would be destroying the discretion of the court, and would logically make the reliance upon the application a ground for granting it.

Considering all the circumstances surrounding the case as shown by the affidavits of both parties, including the fact that respondent had defaulted in the first instance; that said default had been set aside on his application, and that the date of the trial had been fixed at his own suggestion, and that he had notice that his case would be called for trial on the 19th day of June, at least eleven days prior to that date, and of the further fact, of which the court will take judicial notice, that there is no dearth of competent and trustworthy attorneys in the city of Seattle, we do not feel justified in reversing the judgment of the trial court on a question that is so largely discretionary with the judge who tries the case, and who is familiar with all the circumstances connected with the application. 3 Am. & Eng. Ency. Law, p. 808.

It is also contended that the court erred in not permitting the plaintiff to testify in reference to the understanding of the parties as to the execution of the notes sued on, objection having been made that it was an attempt to vary the terms of the contract by parol evidence. We think there was no error committed by the court in sustaining the objection. As we understand the position of appellant, he does not dispute the general proposition that written

contracts cannot be contradicted or varied by parol evidence, but it is insisted that this case does not fall within the rule. We are unable to agree with this contention. The contracts are unambiguous, and all the terms are definite and distinct. The cases cited by appellant we do not think are supported by the weight of authority, but even they do not go far enough to sustain appellant's view.

In *Chapin v. Dobson*, 78 N. Y. 74, the action was on a contract to buy certain machinery, and the defendant was allowed to prove an oral guaranty on the part of the seller, and the court admitted the evidence under an exception to the general rule, on the ground that the contract and guaranty did not relate to the same subject matter, and because, as the court said, "there was nothing upon its face to show that it was intended to express the whole contract between the parties." And the principle announced is based on the rule laid down in *Johnson v. Oppenheim*, 55 N. Y. 280, which allows a collateral agreement made prior to or contemporaneous with a written agreement, but not inconsistent with or affecting its terms, to be given in evidence. But the defense here certainly is inconsistent with the terms of the contract, and most certainly does affect the terms of the same very essentially. One of the allegations of the affirmative defense is, "that in truth and in fact said promissory note does not represent the true amount due at the time of such settlement, and at the date of such promissory note mutually due from defendant to plaintiff." The very statement of this defense, it seems to us, precludes any argument, for it is self-evident that the defense, if allowed, would vary the terms of the note and do away with the presumption that all previous understandings have been merged and incorporated in the contract which speaks the agreement of the parties, and which, as Lord COKE so well said, "cannot be controverted by an

35—7 WASH.

averment of the parties to be proven by the uncertain testimony of slippery memory."

If fraud has been perpetrated in obtaining the execution of an instrument, that is an equitable defense, but certainly under all the authorities it cannot be asserted as a legal defense to so plain a contract as a note that, at the time it was executed, there was an oral understanding between the parties that the note did not represent the actual amount due or the true rate of interest. The authorities sustaining this view are so overwhelming and so numerous that we content ourselves with citing *Burnes v. Scott*, 117 U. S. 582 (6 Sup. Ct. Rep. 865); *Davis v. Randall*, 115 Mass. 547; 17 Am. & Eng. Ency. Law, pp. 426–8, and cases cited; 1 Daniel, Negotiable Instruments, §§ 80, 81, and cases cited.

The offer to amend was hardly definite enough to amount to an amendment, but construing it as an amendment offered, in our view of the law as to the admissibility of the testimony under the pleadings at the time the trial was commenced, the amendment would admit an entirely new defense, and we think the trial court did not abuse its discretion in refusing the amendment.

Judgment is affirmed.

ANDERS, HOYT, SCOTT and STILES, JJ., concur.