[No. 1597. Decided April 24, 1895.]

EMMA JUCH, *Appellant*, v. JOHN W. HANNA, *Respondent*.

CONTINUANCE — ASSIGNMENT OF CAUSES — ORDER OF HEARING.

The granting of a continuance being a matter resting in the sound discretion of the trial court, its order refusing a continuance for the purpose of procuring testimony will not be disturbed, when the application therefor does not show that diligence had been used to procure the attendance or deposition of absent witnesses.

Where several causes have been assigned for hearing upon the same day, the disposition of the causes is a matter in the discretion of the trial court, and the plaintiff in one of the causes would not be entitled to a continuance on the ground that some of the causes preceding his in the order of assignment had not been heard and disposed of prior to the calling of his cause for trial.

*Appeal from Superior Court, King County.*

*Blaine & De Vries*, for appellant.

*E. C. Hughes* (*Hastings & Stedman*, of counsel) for respondent.

The opinion of the court was delivered by

GORDON, J.—The appellant filed a petition in the superior court for the purpose of having a judgment, recovered against her and one Charles E. Locke, set aside and vacated. The petition was verified on December 30, 1892. Issue was joined on May 3, 1893. On August 28, 1893, the appellant, by her attorneys, noticed the cause for trial, and pursuant to such notice the cause was assigned for trial on the 7th day of December, 1893. On that day a motion for continuance was filed by appellant, supported by the affidavit of one of her counsel. The affidavit shows that appellant is a resident of the state of Connecticut; "that the evidence of said plaintiff and the said Charles E. Locke is material for (appellant's) cause, and that the

facts which (appellant) can prove by said witness Charles E. Locke cannot be proved by any other person or persons." The affidavit then sets out what the said Locke would testify to, if present, and proceeding says, "that immediately upon the setting of the above entitled cause for trial affiant telegraphed to appellant to ascertain the whereabouts of said Locke and when the deposition of plaintiff and said Locke could be taken, and that on the 22d of November affiant received a telegram from said appellant referring affiant to the said Charles E. Locke for dates and details in regard to the taking of said deposition, and affiant immediately telegraphed said Locke in regard to the taking of said deposition, but as yet has received no reply from him," etc. Appellant's motion for continuance was overruled and exception taken.

It appears from the bill of exceptions that four causes had been assigned for trial on said December 7th, in the following order and numbered respectively, 13530, 6882, 15227 and 15775, the first of which, when called, was passed for reassignment pursuant to stipulation of parties. The second cause was postponed until two o'clock of said day. At that hour said cause was again called for hearing and passed because it appeared that some of the witnesses for one of the parties in that cause were not then present. The court then called the present cause for trial " against the objection of plaintiff's (appellant's) counsel," who were also counsel for plaintiff in cause No. 6882. Continuing the bill recites: "That E. F. Blaine, counsel for plaintiff in each of said causes stated that he was ready to proceed with cause No. 6882, but that he was not ready and could not proceed with the trial of cause 15227 (the case at bar) for the reason that he had expected to try cause No. 6882 at that hour; that he was unable

to proceed with the trial of Juch v. Hanna because of the absence of witnesses and material evidence on behalf of plaintiff therein (appellant). The court being convinced that the only absent evidence and witnesses were those referred to and named in the affidavit of continuance, above referred to and made a part hereof, peremptorily called said cause for immediate disposition, and the plaintiff (appellant) offering nothing in support of her petition nor any new cause for the continuance of the hearing thereof, the court then and there ordered the same to be dismissed for want of prosecution." From the judgment of dismissal this appeal is taken.

An application for a continuance rests in the sound discretion of the trial court and the examination of the record satisfies us that the learned trial court did not abuse its discretion in overruling the motion. Where an application for a continuance is for the purpose of securing testimony, it should show that diligence has been used to procure such testimony. This case had been pending nearly a year prior to the time appointed for trial. It was commenced by the appellant. If the evidence of Locke was deemed material, knowing his residence and whereabouts and the materiality of his evidence, ample time had elapsed in which to have procured it. But no effort appears to have been made to procure it, and the cause was assigned for trial on the application of appellant's counsel.

Without further discussion we deem it sufficient to say that we think the application was devoid of merit; and the same is true of the objection made to the disposition of the cause when it was reached for trial on that day. The mere fact that other causes had also been assigned for hearing upon the same day, and pre-

ceded in the order of assignment the cause of appellant, would not justify the assumption of counsel that it was the duty of the court to actually hear and dispose of said prior assignments before taking up appellant's cause. The entire matter rested in the discretion of the trial court. This court will presume that the disposition made of the other causes assigned for trial upon that day was justified by the circumstances surrounding them. Appellant's motion for a continuance having been overruled, in the absence of any further showing of cause for continuance or delay, or any suggestion that appellant had other witnesses or proof to submit upon trial, or that she desired to do so, the judgment of dismissal was properly entered, and it is affirmed.

HOYT, C. J., and ANDERS, DUNBAR and SCOTT, JJ., concur.