[No. 7418.   Decided December 28, 1908.]

JOHN H. WAREHIME, *Respondent,* v. LEWIS H. SCHWEITZER
et al., *Appellants.*[1]

APPEAL—PRESERVATION OF GROUNDS — EXCEPTIONS TO FINDINGS.
One general exception to several distinct findings of fact is insufficient to secure a review of the findings unless all are erroneous.

APPEAL—RECORD—STATEMENT OF FACTS—INSUFFICIENCY OF EXCEPTIONS TO FINDINGS.  A statement of facts will not be struck out because of insufficiency of exceptions to findings of fact, where errors are assigned relating to the trial and the introduction of testimony.

CONTINUANCE — CONDITIONS — PAYMENT OF COSTS.  It is not an abuse of discretion to require the payment of costs, including the mileage of plaintiff's witnesses, as a condition for the granting of a continuance, asked for on the opening of the trial on behalf of the defendant who was unable to be present because in jail, where such defendant had had fifteen days notice of the day of trial.

APPEAL—REVIEW—DISCRETION—CONTINUANCE.  The refusal of a continuance will be reviewed only for abuse of discretion.

REPLEVIN—EVIDENCE—RELEVANCY.  In replevin of a horse, where plaintiff has testified positively that his son had no authority to sell the horse but had possession only for the purpose of working it, questions on cross-examination as to what plaintiff's son was to do with the money, or if he would have been satisfied if the son had mortgaged the horse, and the like, are properly excluded as irrelevant and immaterial.

FULLERTON, J., dissents.

Appeal from a judgment of the superior court for King county, Yakey, J., entered November 29, 1907, upon findings in favor of the plaintiff, in an action of replevin, tried before the court without a jury.   Affirmed.

*Longfellow & Fitzpatrick (Arthur C. Dresbach,* of counsel), for appellants.

*H. A. P. Myers,* for respondent.

HADLEY, C. J.—This action was brought for recovery of the possession of a horse and of a set of double harness.

[1]Reported in 98 Pac. 747.

The value of the horse is fixed in the complaint at $350, and that of the harness at $50. The right of the plaintiff to recover possession was disputed, and the cause was tried by the court below without a jury, resulting in a judgment that the plaintiff shall recover the possession of the horse, or its value, fixed at $275; also, the sum of $90 as the value of the use of the horse by the defendant. The judgment also provides for the recovery of the harness, or its value, fixed at $50. The defendants have appealed.

The respondent has moved to strike the statement of facts upon the ground that no sufficient exceptions were made to the findings of facts. The court's findings embody six separately stated and independent groups of facts distinctly found, and the only exception taken thereto appears in the margin below the findings and conclusions, as follows: "Defts. except to making above finding at this date, and expressly except to the finding and conclusion herein contained." It will be seen that the language, literally read, appears to refer to but one finding, and no one is specified so that either the trial court or this court can tell which was intended. But assuming that the intention may have been to except to all the findings, this court has held that such a general exception is insufficient, and that under it the findings will not be reviewed unless it appears that all are erroneous. *Peters v. Lewis*, 33 Wash. 617, 74 Pac. 815, and cases there cited. See, also, *Horrell v. California etc. Ass'n.*, 40 Wash. 531, 82 Pac. 889.

It is not manifest that all the findings here are erroneous, and they cannot therefore be reviewed within the rule heretofore followed by this court. The statement of facts will, however, not be stricken for all purposes, but will be retained for the purpose of reviewing errors relating to the manner of trial and the introduction of testimony, following the decisions cited below. *Lilly v. Eklund*, 37 Wash. 532, 79 Pac. 1107; *Bringgold v. Bringgold*, 40 Wash. 121, 82 Pac. 179; *Smith v. Glenn*, 40 Wash. 262, 82 Pac. 605.

It is assigned that the court erred in denying appellants' motion for a continuance at the beginning of the trial. A motion for continuance was made just as the cause was called for trial, and affidavits were filed in support of the motion, to the effect that one of the appellants was at the time incarcerated in jail at Tacoma, and could not attend the trial at that time, it being contended that he was a material witness. Much was said between court and counsel about the motion as it was being considered, and the court at no time unconditionally refused to grant the continuance. In fact, the record makes it appear that the court was inclined to allow a continuance, but he stated to appellants' counsel that if it was granted the respondent would be entitled to recover his costs. Thereupon the counsel asked the court if it would hold that the respondent's expenses would include mileage from Lincoln county to Seattle and return at ten cents per mile. The court replied that he believed respondent would be entitled to that sum. Upon being informed that the mileage all told for two witnesses would be about twelve hundred miles, the counsel simply stated that, in the absence of his client, he could not undertake to pay more than about half the sum indicated. The court replied that he thought respondent would be entitled to all his costs. The appellant thereupon excepted, and the trial proceeded.

The court did not refuse to continue the cause, but simply stated that, as a condition of the continuance, the respondent should recover his costs, and did not say that the costs must be paid in advance. In view of the fact that the motion was sprung just as the trial was called, it appearing that the absent appellant was notified of the assignment for trial at least fifteen days before the day of trial, we think it should not be said that, under the circumstances detailed, the court abused its discretion, particularly when there was not an absolute refusal to grant the continuance. In the absence of an abuse of discretion, the refusal to grant a continuance will not be reviewed by this court. *Catlin v.*

*Harris,* 7 Wash. 542, 35 Pac. 385 ; *Juch v. Hanna,* 11 Wash. 676, 40 Pac. 341.

The appellants assign as error that the court erred "in excluding and refusing testimony introduced by appellants, and in not allowing them sufficient latitude in cross-examination of respondent and his business associates in the matter of handling and caring for the property in question." This assignment is very general and does not direct attention to any specific ruling as erroneous. However, treating the references to the statement of facts as made in the argument of the brief as supplementary to the assignment itself, we have examined the cross-examination as indicated, and we believe that no prejudicial error was committed in sustaining objections to the several questions. It was the theory of appellants that respondent's son had been given possession of the horse with sufficient authority to sell it. Respondent had testified positively that he gave no such authority to the son, or any one else, and such had been the whole trend of his examination-in-chief. Therefore the question "Was he [his son] to send the money back to you?" was wholly immaterial and irrelevant as cross-examination. The same is also true of the question: "If he [his son] had taken a mortgage, you would have been satisfied?" The question: "Did he [his son] have absolute control of this team?" was also irrelevant, since the witness had testified that the son was merely given control of it for the purpose of working it. Other questions on cross-examination involved in this assignment we think were equally immaterial under the issues, having reference to the examination-in-chief.

Under the record before us, we find no error in the denial of the motion for a new trial, and the judgment is affirmed.

CROW, DUNBAR, and MOUNT, JJ., concur.

FULLERTON, J., dissents.