[No. 9445. Department One. June 8, 1911.]

HARRIET E. BALLARD, *Respondent*, v. C. R. COLLINS *et al.*, *Appellants*.[1]

MUNICIPAL CORPORATIONS—USE OF STREETS — NEGLIGENCE—VIOLATION OF STATUTE—COLLISION OF AUTOMOBILE. The driving of an automobile on a dark night, on the left-hand side of a city street at a crossing, without having sufficient lights, in violation of the state law and city ordinances, is gross negligence.

SAME. The driving of an insufficiently lighted automobile at night, on the left-hand side of a narrow street, in violation of law, in order to avoid a street car that was discharging passengers on the right-hand street car track, is not justified as an act in a sudden emergency, where there was not room for two automobiles to pass and the driver might have waited for the street car to proceed.

SAME — CONTRIBUTORY NEGLIGENCE. Contributory negligence by the driver of an automobile which collided with another, is not shown, where he was on the right side of the street, with lawful lights, sounded his horn at the turn, and there was evidence that he was going only two or three miles an hour, while the other car was violating the law as to lights, signals, and the side of the street upon which it could lawfully travel.

[1]Reported in 115 Pac. 1050.

TRIAL—FINDINGS—DAMAGES—ISSUES AND PROOF. A finding of six hundred dollars damages to person and property by an automobile collision, without segregation of the items, is within the issues and proof, where the pleadings claimed $500 for personal injuries, and over $220 damages to the car, and $700 damages in the salable value thereof; and there was evidence that the cost of repairing the car was $220, that its market value was reduced $500 after the repairs had been made, and the plaintiff was thrown against the car with great force, and bruised and confined to her bed for three weeks.

Appeal from a judgment of the superior court for King county, Albertson, J., entered October 27, 1910, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action for damages through a collision between automobiles. Affirmed.

*H. R. Clise* and *C. K. Poe*, for appellants.

*Trefethen & Grinstead*, for respondent.

Gose, J.—This suit was brought to recover damages for personal injuries sustained by the plaintiff, and for injuries to her automobile, in consequence of a collision between her automobile and the automobile of the defendants. The two cars collided at about the line of intersection of First avenue north and Harrison street, and near the north side of the latter street, in the city of. Seattle. The plaintiff's car had been traveling north on First avenue north, and as it turned west into Harrison street, the collision occurred. The defendants' car was traveling east on Harrison street, on the north or left-hand side thereof, at the time of the collision. First avenue north runs north and south, and Harrison street runs east and west. The case was tried to the court, terminating in a judgment for the plaintiff. The defendants have appealed.

At the time of the collision, the respondent's car was entering Harrison street on the right-hand side, and the appellants' car was passing out of Harrison street, traveling upon the left-hand side of the street. The collision happened in the evening, after dark, upon a dark night. The respond-

ent's car had its gas head lights and its oil lights lighted, and the appellants' car had its oil lights lighted, but not its gas head lights. The respondent's chauffeur testified that he sounded his horn as he turned into Harrison street. The driver of the appellants' car admits that he gave no signal or warning of his approach. Section 5558, Rem. & Bal. Code, provides that drivers of vehicles shall seasonably turn their vehicles to the right of the center of the road, when meeting another vehicle on a public highway. Section 5569 provides that every automobile shall be provided with a bell or horn, which shall be rung or blown whenever there is danger of collision or accident, and that:

"The driver or operator of every automobile or motor vehicle shall turn to the right in meeting vehicles, teams and persons moving or headed in an opposite direction, and turn to the right in passing vehicles, teams and persons moving or headed in the same direction."

Section 54 of Ordinance No. 16,081 of the city of Seattle provides:

"It shall be unlawful for any person, while driving any horse or other animal attached to any vehicle, or driving or propelling any automobile over, along or through any paved, planked or macadamized street, to occupy other than the right side of any such street, except within the block in which is the point of destination."

Section 62 provides:

"It shall be unlawful for any person to ride, drive or propel any automobile, auto cycle or other motor vehicle, without having attached thereto a bell, gong, horn or whistle, in good working order, and sufficient to give warning of the approach of such machine or vehicle, or to fail or neglect to sound such device as a warning, when necessary, upon approaching any street car, carriage, automobile, auto cycle or other vehicle, horse or other animal, or pedestrian, or upon approaching any place where any person or persons may be entering or leaving any street car, or other public conveyance, or upon approaching any street intersection or before passing around any corner."

The ordinance further provides:

"It shall be unlawful for any person to ride, drive or propel any automobile, or other motor vehicle, between the hours of sunset and sunrise, unless there shall be fastened to the front thereof at least two (2) white lights of sufficient candle power to enable the person driving or operating such vehicle to clearly see ahead a distance of at least two hundred (200) feet. . . . "

Harrison street was paved at the time of the accident, and the point where the appellants' car crossed to the north of the street was not within the block of its destination. The court found, in substance, that, at the time of the accident, the respondent's car was proceeding on the right-hand side of the street at a rate of speed not exceeding four miles an hour; that it displayed two white lights, of sufficient brilliancy and candle power to enable its driver to clearly see ahead a distance of over two hundred feet; that its driver was handling it in a prudent and careful manner; that the appellants' machine was proceeding on the left-hand side of the street without such white lights, and that the "collision was caused entirely and solely by reason of the negligence, carelessness, want of attention, and safe driving of the defendants' " driver.

It is clear from the facts stated that the driver of the appellants' car was guilty of gross negligence. He was driving on the wrong side of the street, in defiance of both the statute and the ordinance of the city. Nor did he display the head lights, or sound his horn, as required by law. In *Engelking v. Seattle Elec. Co.*, 50 Wash. 196, 96 Pac. 1039, speaking of an ordinance of the city of Seattle which limits the rate of speed of street cars in the business or settled residential districts to twelve miles an hour, the court said:

"We prefer to adhere to the doctrine that a thing which is done in violation of positive law is in itself negligence."

This rule is followed in *Wilson v. Puget Sound Elec. R.*, 52 Wash. 522, 101 Pac. 50, 132 Am. St. 1044. The same

view was announced in *Irwin v. Judge*, 81 Conn. 492, 71 Atl. 572, and *Fenn v. Clark*, 11 Cal. App. 79, 103 Pac. 944. The appellants have cited *Spurrier v. Front St. Cable R. Co.*, 3 Wash. 659, 29 Pac. 346. That case arose out of a collision between a street car and a wagon drawn by a team of horses. The court said in that case that the law of the road, as applied to free vehicles, is founded on good reasons, and that its observance tends to prevent carelessness, but that it has no application to cars running on fixed tracks. The appellants have also cited *Brooks v. Hart*, 14 N. H. 307; *Daniels v. Clegg*, 28 Mich. 32, and *Brember v. Jones*, 67 N. H. 374, 30 Atl. 411, 26 L. R. A. 408. As we read these cases, they are in harmony with the view of this court. In the *Brooks* case it is said:

"Ordinarily, if one traveler in meeting another be found upon the half of the way appointed to him by the statute, traveling with ordinary care and prudence, and he sustain an injury by a collision with the vehicle of another, who is upon that part of the way to which he has not the statutory right, the individual who has thus sustained the injury may have redress by action against him who was thus on the part of the way to which the statute did not give him the right. The traveler who thus travels prudently and carefully upon the half of the way assigned to him, will ordinarily pass at the hazard and risk of him who trenches upon his rights, in the manner already stated."

The appellants' car, while traveling east on Harrison street, was following an inbound street car which stopped at First avenue north. At that time their machine was a few feet behind the street car. Passengers were getting on and off at the right-hand side of the car, and instead of waiting for the car to proceed, the driver of the appellants' machine, to avoid the passengers of the street car, turned to the left with a view to taking the left-hand or north car track. When he had driven his machine onto that track, he heard a street car coming north on First avenue. Believing that he did not have time to either pass between the two street cars or

reverse and get behind the inbound car, he passed onto the north or left-hand side of the street. At that point the distance from the north street car track to the curbing is about eight feet. Upon these facts, the appellants invoke the rule that, where one acts suddenly under stress of circumstances, his acts are not voluntary, and argue that, to avoid the outbound car, they were justified in putting their machine on the left-hand side of the street. The vice of the argument is that the proximate cause of the accident was the act of the appellants' driver in turning to the left of the inbound car, instead of waiting for it to pass on. He testified that he was not pressed for time. He knew that the street was narrow, and that there was not room for two machines to pass in the street on the north side of the north car track. It was dark, and it would seem that, under the conditions that surrounded him, common prudence would have dictated that he should not place his machine north of the south car track.

It is insisted that the respondent's driver was guilty of contributory negligence. We have seen that he had the right of way; that he displayed his lights and sounded his horn; and that the driver of the appellants' car neither displayed his lights nor gave warning of his approach. It is argued, however, that he was proceeding at a high rate of speed. The evidence as to the speed the respective cars were traveling is in direct conflict. The respondent's car had followed a northbound car on First avenue north for some two or three blocks, and had slowed down at the intersection of the streets, to permit passengers to alight from the outbound car, when the collision occurred. The respondent's driver testified that the speed of his car did not then exceed two or three miles an hour. Other witnesses confirmed his statement. From a careful reading of the evidence, we feel constrained to adopt the view of the trial court. It is supported, not only by abundant direct evidence, but by the circumstances of the case. While the respondent's chauffeur

was required to exercise reasonable care, he was not required to anticipate that a car was approaching him on his side of the street. He had a right to presume that the law of the road would be observed.

The court found:

"(4) That by reason of said collision caused as aforesaid, the plaintiff herein was violently thrown against the side of her automobile aforesaid, causing injury to her limbs and causing her physical pain and suffering.

"(5) That by reason of such carelessness, negligence, want of attention and safe driving of the defendants' automobile, and by reason of the acts of the defendants and their duly authorized agent aforesaid, the plaintiff has been damaged in the sum of six hundred ($600) dollars."

It is contended that the damages awarded are not within either the issues or the evidence. The complaint alleges that the respondent was violently thrown against the side of her automobile, causing an injury to her limbs, and causing physical pain and suffering, to her damage in the sum of $500. It further alleges:

"That by reason of said careless and negligent act of the defendants' automobile driver as aforesaid the damages were sustained to plaintiff's automobile to the extent of two hundred twenty-two and 46-100 dollars ($222.46), as shown more specifically in Exhibit A hereto attached and made a part hereof; that in addition thereto the salable value of said car was reduced to an extent of seven hundred dollars ($700); that also the plaintiff was deprived of the use of said car for the space of time of eleven days at a reasonable value of twenty dollars ($20) per day, or a total of two hundred twenty dollars ($220); the total damages to said car as stated in this paragraph amounting to the sum of eleven hundred forty-two and 46-100 dollars ($1142.46)."

The respondent was not permitted to introduce evidence as to the loss of the use of the car, it not appearing that it was used for hire or that the respondent hired another vehicle to take its place. The evidence is undisputed that the respondent paid $220 for repairing the car. There is evidence that

the market value of the car, after the repairs had been made, was diminished by the collision to the extent of from $500 to $1,000. The respondent, who is sixty-four years of age, was thrown against the side of her car with such force that her elbow and knee were bruised and she was confined to her bed and room for three weeks. We think that the amount awarded is within the issues and the evidence. The court was not required to segregate the damages.

Some criticism is made of the form of the findings, but we think they are without merit. The judgment is affirmed.

DUNBAR, C. J., MOUNT, PARKER, and FULLERTON, JJ., concur.