[No. 11634.   Department One.   June 27, 1914.]

GRANITE FALLS STATE BANK, *Appellant*, v. T. RYAN *et al.*,
*Respondents.*[1]

APPEAL — PRESERVATION OF GROUNDS — EXCEPTIONS TO FINDINGS.
One general exception to several separately stated findings is insufficient to obtain a review of the evidence, and only presents the
question whether the findings support the judgment.

Appeal from a judgment of the superior court for King
county, Humphries, J., entered June 7, 1913, upon findings
in favor of the defendants, in an action on contract, tried to
the court.   Affirmed.

*Cicero R. Hawkins* and *Isaac R. Spilman*, for appellant.
*Gill, Hoyt & Frye*, for respondents.

MAIN, J.—The purpose of this action was to recover the
purchase price of a carload of granite paving blocks.   The
cause was tried to the court without a jury.   Judgment was
entered for the defendants in the sum of $151.60. ·  The
plaintiff appeals.

The respondents object to our considering the evidence as
contained in the statement of facts because it is claimed that
no proper exceptions were taken by the appellant to the findings of fact made by the trial court.   The findings are separately stated and numbered from 1 to 7 inclusive, some of
which are undoubtedly correct, even from the view point of
the appellant.   Only a general exception was taken to all the
findings.   In numerous decisions of this court, it has been
held that, where the trial court makes findings of fact and
those are separately stated, numbered, and entered, specific
exceptions thereto must be taken in order that the court may
know what ones are claimed to be erroneous and on what
particular points it is desired that the evidence shall be re-

[1]Reported in 141 Pac. 354.

viewed. In *Peters v. Lewis*, 33 Wash. 617, 74 Pac. 815, the court, considering exceptions to findings in substantially the same general language as are those in the present case, held that they were equivalent to no exceptions, and that the evidence could not be reviewed on appeal. See, also, to the same effect: *Bringgold v. Bringgold*, 40 Wash. 121, 82 Pac. 179; *Smith v. Glenn*, 40 Wash. 262, 82 Pac. 605; *Horrell v. California etc. Ass'n.*, 40 Wash. 531, 82 Pac. 889; *Pederson v. Ullrich*, 50 Wash. 211, 96 Pac. 1044; *Crowe & Co. v. Brandt*, 50 Wash. 499, 97 Pac. 503; *Warehime v. Schweitzer*, 51 Wash. 299, 98 Pac. 747; *Fender v. McDonald*, 54 Wash. 130, 102 Pac. 1026; *Snohomish River Boom Co. v. Great Northern R. Co.*, 57 Wash. 693, 107 Pac. 848; *Seattle Automobile Co. v. Stimson*, 66 Wash. 548, 120 Pac. 73.

In support of the sufficiency of the exceptions, the appellant relies upon the cases which support the rule that, where exceptions are taken to each finding by number, that they are sufficient. But the present case does not fall within that rule. Here there was but a general exception to all the findings, and not a specific exception to each.

Since the exceptions are not sufficient to permit a review of the evidence, but one question can be considered, that is, whether the findings as made support the judgment. Without considering these in detail, it may be said that a careful consideration of them leads to the conclusion that they are sufficient to sustain the judgment.

The judgment will be affirmed.

CROW, C. J., ELLIS, GOSE, and CHADWICK, JJ., concur.