[No. 23161. Department One. July 9, 1931.]

MARY BARCOTT, *by her Guardian ad Litem, John Barcott, Respondent,* v. GEORGE L. STANDRING *et al., Appellants.*

KATIE BARCOTT *et al., Respondents,* v. GEORGE L. STANDRING *et al., Appellants.*[1]

*Poe, Falknor, Falknor & Emory,* for appellants.

*J. Charles Dennis* and *Thomas F. Ray,* for respondents.

MAIN, J.—These two cases were consolidated for the purpose of trial. In one, Mary Barcott, a minor,

[1] Reported in 1 P. (2d) 213.

by her guardian ad litem, sought to recover damages for personal injuries which she sustained in an automobile collision; in the other, John Barcott and wife sought to recover damages for personal injuries to Mrs. Barcott received in the same accident. The cases were tried to the court and a jury, and resulted in a verdict in favor of Mary Barcott in the sum of five hundred dollars, and in favor of Mr. and Mrs. Barcott in the sum of fifteen hundred dollars. The defendants moved for judgment notwithstanding the verdict and, in the alternative, for a new trial, both of which motions were overruled. Judgments were entered upon the verdicts, from which the defendants appeal.

The facts are these: The accident out of which both cases arose occurred October 1, 1928, at about five o'clock P. M. on the Pacific highway, approximately eight miles northeast of the city of Olympia. At the point where the accident occurred, the road, approaching from the north, curves to the right; the pavement being twenty feet wide. On this curve, C. W. Baird, who was proceeding south in a Ford truck, stopped the truck with all four wheels on the pavement. Some distance behind the truck was a North Coast automobile stage, and following this stage was what is referred to as a "Big Four" stage, owned by the appellants George L. Standring and wife, and operated at the time by one of their employees. One Tony Palladin was proceeding north around the curve in a Chevrolet automobile, owned and driven by him. In the back seat of the Chevrolet were Mrs. Barcott, her daughter Mary, and a small son. In the front seat with Palladin was Mrs. Bubich, the mother of Mrs. Barcott.

As the North Coast stage rounded the curve, the driver, seeing the Ford truck standing on the pavement, set his brakes and stopped when the front end of

the stage was about sixteen feet from the truck. When the brakes were set, the stop light at the rear of the stage flashed. The Big Four stage, as it approached, did not stop, but pulled to the left, and the front end of that stage collided with the front end of the Chevrolet automobile. The two vehicles came together on the gravel on the east side of the pavement. When the Big Four stage pulled to the left from behind the North Coast stage, Palladin turned the Chevrolet to the right on to the gravel in order to avoid a collision. Apparently, the driver of the Big Four stage, seeing that a collision was imminent, attempted to reach the gravel on the east side and leave the highway clear. After the collision, the rear end of the stage extended over on to the pavement a distance of five or six feet. As a result of the collision, Mrs. Bubich was killed and Mrs. Barcott and her daughter Mary were injured, and, as above stated, it is for these injuries that the present actions were brought.

It is contended by the appellants that their motion for judgment notwithstanding the verdict should have been granted, because the driver of the Big Four stage acted in an emergency and was therefore not guilty of negligence. In this connection, they invoke the rule that an automobile driver who, by the negligence of another and not by his own negligence, is suddenly placed in an emergency and compelled to act instantly to avoid a collision or injury, is not guilty of negligence if he makes such a choice as a person of ordinary prudence placed in such a position might make, even though he did not make the wisest choice. *Hartley v. Lasater,* 96 Wash. 407, 165 Pac. 106.

That rule is not applicable, however, where the situation of peril arises because of the driver's own negligence. *Allen v. Schultz,* 107 Wash. 393, 181 Pac. 916, 6 A. L. R. 676. Inquiry must then be directed to

whether the driver of the Big Four stage was guilty of negligence which produced the situation of peril.

Section 6362-41, Rem. 1927 Sup., provides that it shall be the duty of every person, operating or driving any motor vehicle along or over any public highway where, for any reason, a clear view for a distance of "three hundred feet cannot be had, to hold such vehicle under control . . . and to keep to the extreme inside of all curves to the right and to the extreme outside of all curves to the left;" and that it shall be unlawful to pass any moving vehicle, unless there is a clear view ahead of not less than "two hundred yards."

The evidence in this case shows that the driver of the Big Four stage did not have a clear view ahead for a distance of three hundred feet, even if the road ahead of him had been clear. He was either following the North Coast stage at such a speed and so close that he could not stop, or, not knowing that a car was approaching from the other direction around the curve, pulled to the left with the intention of passing the North Coast stage and the Ford truck. If, without attempting to stop, he pulled to the left for the purpose of passing, there can be no question about his negligence; on the other hand, if he was proceeding so close to the North Coast stage and at such a speed that he could not stop, it cannot be held as a matter of law that he was not guilty of negligence.

Plainly, the question whether he had his vehicle under control was one for the jury. Whether he attempted to turn to the left for the purpose of going by the North Coast stage, or was traveling so close to the stage and at such a speed that he could not stop, he was violating the provisions of a positive law, which of itself is negligence *per se. Ballard v. Collins*, 63 Wash. 493, 115 Pac. 1050; *Crowl v. West Coast Steel*

*Co.,* 109 Wash. 426, 186 Pac. 866. The trial court correctly denied the motion for judgment notwithstanding the verdict in each case.

It is next contended that the trial court erred in refusing to give one of the appellants' requested instructions, which was to the effect that no verdict could be rendered against the appellant United States Inter-Insurance Association, unless the respondents established by a fair preponderance of the evidence in each case that the respondents were injured through negligence of the operator of the bus which collided with the car in which respondents were riding, and that the insurance company was not liable simply because the accident happened. In instruction two given by the court, the jury were told that the basis of the actions was negligence, and that the respondents were not entitled to recover merely because there was an accident, but must prove by a preponderance of the evidence that the appellants were negligent, and that their negligence was the proximate cause of the injuries for which recovery was sought. While the instruction given was not in the same language as the one requested, it was exactly to the same effect. It was not error to refuse to give the requested instruction.

The judgment will be affirmed.

TOLMAN, C. J., PARKER, MITCHELL, and HOLCOMB, JJ., concur.