[No. 23856. *En Banc.* November 15, 1932.]

JEAN MERCER, *a minor, by Susan Mercer, her guardian ad litem, Respondent,* v. E. T. LOVERING *et al., Appellants.*[1]

[1]Reported in 15 P. (2d) 930.

*Roberts, Skeel & Holman* and *W. R. McKelvy,* for appellants.

*W. H. Abel* and *A. M. Abel,* for respondent.

HERMAN, J.—The plaintiff, Jean Mercer, a four year old girl, brought this suit, by her guardian *ad litem,* against defendants for personal injuries sustained by her while riding in an automobile which was struck by a passing automobile driven by defendant E. T. Lovering. The accident occurred about 4:30 p. m., August 19, 1931, on the highway between Montesano and Aberdeen, about seven miles west of Montesano. Susan Mercer, the mother and guardian *ad litem* of plaintiff, was driving her Ford automobile east on the highway. The paved portion of the highway at this place is twenty feet wide. With her in the front seat of her automobile was Lorraine Thompson, and occupying the rear seat were Myrtle Vahlensieck, plaintiff Jean Mercer, and Mary Anna Wisegarver, with a baby on her lap.

As the car driven by Susan Mercer was traveling between thirty and thirty-five miles per hour, defendant E. T. Lovering, who, in a Nash touring car, had

been following the Mercer Ford, started to pass Mrs. Mercer, cut in front of her car and struck it, causing the Ford to deviate from its course, leave the road and turn over several times. All of the adults brought actions against the defendants. These suits were consolidated with the case at bar for the purpose of trial. The jury returned a verdict in favor of the plaintiff, Jean Mercer, in the sum of $7,500, and from the judgment entered on that verdict, the defendants have taken this appeal.

Appellants' first assignment of error is that the trial court erred in denying their motion for a continuance. The cases of the grown persons riding in the Mercer car at the time of the accident and this case were, by an order entered upon the application of appellants, and consented to by counsel for the various plaintiffs, consolidated for trial. The order of consolidation, dated October 23, 1931, fixed November 5, 1931, as the date for the jury trial of the consolidated causes. November 9, 1931, appellants made a motion for a continuance of the trial of the consolidated causes, basing their motion upon the affidavit of the physician who examined Jean Mercer. This motion was denied, and the consolidated causes came on for trial November 10, 1931.

The record before us indicates no evidence of an abuse of discretion upon the part of the trial court in denying the motion for a continuance. The denial of a continuance will not be reviewed, except for abuse of discretion. *Oregon R. & Nav. Co. v. Dacres*, 1 Wash. 195, 23 Pac. 415; *Catlin v. Harris*, 7 Wash. 542, 35 Pac. 385; *Juch v. Hanna*, 11 Wash. 676, 40 Pac. 341.

Appellants' second assignment of error is that the court erred in giving instructions numbered 8 to 12, in which the jury was instructed in substance that, if an automobile were approaching and within two hun-

dred yards of appellants' automobile when it started to pass the Mercer car, the appellants did not have a "clear view ahead of two hundred yards," within the meaning of Rem. 1927 Sup., § 6362-41, subd. (2) of which reads as follows:

"Vehicles proceeding in the same direction on overtaking another vehicle or overtaking any person riding or driving any animal shall pass to the left; *Provided, however,* a variance in good faith from the rules herein relating to the turning to the left of a vehicle when overtaking another vehicle, or any person riding or driving an animal, going in the same direction where the exigencies of the situation permit, shall not subject the offender to arrest under the criminal provisions of this act; but it shall be unlawful for any person to pass any moving vehicle or animal overtaken unless he has a clear view ahead of not less than two hundred yards."

The statute prescribes a rule in the interest of safety to be observed in overtaking and passing motor vehicles. It prescribes a clear view ahead of not less than two hundred yards as a condition precedent to the lawful passing of any moving vehicle or animal overtaken. Funk & Wagnalls' New Standard Dictionary of the English Language defines the word "clear" as "free from obstruction or hindrance." The statute's expression "clear view ahead" means a view free from obstruction or hindrance. When there is an oncoming automobile within two hundred yards, such automobile constitutes an obstruction and hindrance to the view ahead, and there is not, within the meaning of the statute, a clear view ahead of not less than two hundred yards. The instructions numbered 8 and 12 were correct.

Appellants' third assignment of error is that instruction numbered 7 is inconsistent with instructions numbered 8 and 12. The instruction complained

of does contradict those two instructions, which were heretofore discussed and held to be correct. In *Firemen's Fund Ins. Co. v. Oregon-Washington R. & N. Co.*, 96 Wash. 113, 164 Pac. 765, the court said:

"The instructions being thus inconsistent and contradictory upon a material and pivotal point in the case, the error must be regarded as prejudicial, requiring a reversal."

However, in the case at bar, the erroneous instruction which contradicts the two correct instructions was given at the request of appellants. To reverse this case because appellants induced the court to give an incorrect instruction, inconsistent with other instructions which correctly stated the law to the jury, would be to permit appellants to take advantage of an error they invited. By requesting the erroneous instruction, they barred themselves from complaining when it was given.

Appellants' fourth assignment of error is that the trial court erred in refusing to give appellants' requested instructions numbered 17 and 18, defining the standard of care required of a driver who, by reason of the negligence of another, is confronted with a sudden emergency. Appellant E. T. Lovering testified that, when he turned out to pass the Mercer car, there were no cars behind him, and the car approaching him from the opposite direction was about a half-mile away. Assuming, without deciding, that there was more than a mere scintilla of evidence that Susan Mercer speeded up her car as appellants' car was trying to pass, still, in view of Mr. Lovering's testimony that the car coming toward him was about a half-mile away and there were no cars behind him when he started to pass, he cannot claim he was confronted by an emergency. In *Maus v. Purves,* 146 Wash. 43, 261 Pac. 782, the court said:

"Manifestly when the driver of the stage found he could not pass the Ford in time for the safety of the approaching coupe it was his duty to have seasonably dropped behind the Ford."

If, on the other hand, Mr. Lovering attempted to pass the Mercer car when the approaching automobile was too close for him to pass with safety, and he then found himself confronted by an emergency, it was an emergency caused by his own negligence. In the case of *Barcott v. Standring,* 163 Wash. 357, 1 P. (2d) 213, the court said:

"They invoke the rule that an automobile driver who, by the negligence of another and not by his own negligence, is suddenly placed in an emergency and compelled to act instantly to avoid a collision or injury, is not guilty of negligence if he makes such a choice as a person of ordinary prudence placed in such a position might make, even though he did not make the wisest choice. *Hartley v. Lasater,* 96 Wash. 407, 165 Pac. 106.

"That rule is not applicable, however, where the situation of peril arises because of the driver's own negligence. *Allen v. Schultz,* 107 Wash. 393, 181 Pac. 916, 6 A. L. R. 676."

The testimony did not justify the giving of either of the requested instructions numbered 17 and 18.

Appellants' fifth assignment of error is that respondent's counsel was guilty of improper conduct calculated to prejudice the minds of the jury, in that he stated, over objection made and sustained, that the increase of speed in the Mercer car was not pleaded. Suffice it to say that a careful consideration of the record convinces us that respondent's counsel was guilty of nothing that amounted to prejudicial misconduct.

Appellants' assignments of error numbered 6 and 7 are, respectively, that the trial court erred in re-

fusing to require respondent to accept a reduction of the verdict, or, in the alternative, to grant a new trial, and that the trial court erred in overruling appellants' motion for a new trial and in entering judgment on the verdict returned by the jury. These two assignments are predicated upon the theory that the verdict was excessive.

Testimony was introduced which warranted the jury in believing that respondent received cuts and flesh wounds about the forehead and right cheek; that the tendons of the fingers of the left hand were cut through; that the right arm was cut in two places; that there was a spiral fracture of the tibia of the right leg; that the left ankle was lacerated; that the tendon of Achilles was severed and an infection had set in affecting the recovery of the cut tendon; that the left leg had a keloid growth three inches long; and that plaintiff had been badly shocked and was nervous. In view of the testimony as to the extent of respondent's injuries, we conclude that the sum awarded by the jury was not excessive, and we find no evidence that the verdict was the result of passion or prejudice.

Judgment affirmed.

MITCHELL, HOLCOMB, MAIN, and MILLARD, JJ., concur.

BEALS, J. (dissenting)—In my opinion, Rem. 1927 Sup., § 6362-41 (2), quoted in the majority opinion, in so far as it refers to "a clear view ahead of not less than two hundred yards," contemplates a situation in which the driver desiring to pass a moving vehicle cannot see the road ahead of him for the specified distance because of a rise or depression in the ground, or on account of fog, rain, or some similar interference with the visibility. The instruction of the court referred to in the opinion of the majority, applying the

section of the statute above mentioned to the situation presented in the case at bar, was, it seems to me, erroneous, and I therefore dissent.

STEINERT, J. (dissenting)—I concur with Judge Beals, with this addition or exception, whichever it may be considered to be: If, *as a matter of fact,* a driver's view ahead is obstructed by an approaching automobile, that, too, may create a situation within the statute, but if the approaching automobile is not, *as a matter of fact,* an obstruction, then the statute does not apply.

In my opinion, the statute is not to be construed, as the majority opinion construes it, to the effect that an approaching automobile constitutes an obstruction to the view, *as a matter of law,* without regard to the existing facts and circumstances.

The majority opinion makes it unlawful, under the statute, to pass an automobile when there is approaching traffic within two hundred yards, or six hundred feet, regardless of whether such approaching traffic is actually an obstruction to the view or not; in other words, no matter how straight or how wide the road may be, no matter how clear the field of vision may be, one can under no circumstances pass another automobile within the specified distance. Whether the approaching traffic be a furniture van or an Austin, an automobile or a push-cart, a drove of cattle or a single horse, the majority opinion holds that a driver's duty is not measured by the exercise of the precautions which Rem. 1927 Sup. § 6362-3, casts upon him to drive in a careful and prudent manner, nor by the general rules pertaining to negligence, but that he must, in all cases, wait until the traffic ahead of him has fully cleared.

If the legislature meant this, they could have, and no

148

doubt would have, said so in simple language, and would not have couched their intention in phraseology of doubtful construction. Whether this should be the law, as an added means of protection to users of the highway, is wholly beside the point. The question is whether such is the law as written by the legislature. I do not believe that it is, and therefore dissent.

TOLMAN, C. J., and PARKER, J., concur with STEINERT, J.