[No. 29637. Department One. June 23, 1945.]

RADE JERKOVICH, *Appellant*, v. PACIFIC FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION, *Respondent.*[1]

*Robert B. Abel*, for appellant.

*Henderson, Carnahan & Thompson*, for respondent.

JEFFERS, J.—Rade Jerkovich instituted this action against Pacific First Federal Savings & Loan Association, in the superior court for Pierce county, on May 13, 1944.

Two purported causes of action were set out in the complaint. In the first, plaintiff seeks to compel defendant to issue and deliver to him a true and correct deposit or receipt book in lieu of receipt or pass book No. 20578, previously issued to him and which he now holds.

In the second cause of action, plaintiff asks for judgment against defendant in the sum of $555.98, which represents withdrawals claimed by defendant to have been made by plaintiff from his account. Plaintiff denies that he made any such withdrawals.

By its answer filed June 14, 1944, defendant put in issue every contention made by plaintiff in his complaint. The cause was set down for trial on November 16, 1944, which,

[1]Reported in 160 P. (2d) 512.

it will be noticed, is some five months after issue was joined.

Prior to the hearing, plaintiff had caused the deposition of one Mike Dikovic to be taken before a notary public at San Pedro, California. This deposition was returned and ordered published on November 14, 1944. When the case was called for trial on November 16, 1944, counsel for plaintiff moved for a continuance, supporting his motion by a statement.

In view of the fact that the only question before this court is whether or not the court erred in denying plaintiff's motion for a continuance, we shall set out the statement of counsel for plaintiff, the statement of the court in regard thereto, and the statement of Mr. Carnahan, attorney for defendant, as they appear in the statement of facts.

The case having been called for trial and the respective parties being represented by their counsel, the following occurred:

"THE COURT: Are you ready to proceed, gentlemen, in the case of Jerkovich against Pacific First Federal Savings & Loan Association?

"MR. ABEL: Your Honor, I desire to make a statement in support of an application for continuance. I desire to have the reporter record it and if the Court desires I am perfectly willing to make it under oath. This case has been pending for some time, which I, as an attorney, appreciate. My client, the plaintiff, has been in the office continuously for the last several days. He is fully informed as to the entire status of his case. He has read the deposition of one Mike Dikovic. I, as his attorney, have explained to the utmost of my ability the contents of the answers contained in the deposition of Mike Dikovic from San Pedro, California. He knows that his case is set for trial today. He was in this court room yesterday. This deposition, I understand and so state to the Court, has been explained to him by those of his own nationality. He is a Slavonian and it is very difficult to make him understand, but he does understand the spoken English language. Not only have I explained this deposition to him and the answers, but he also admits to me it has been discussed with those of his own people, those who talk his own language. He has been in my office this very morning since 8:30 or a quarter to 9:00. He stated to me that the deposition is not correct. As best I can explain what he

means by incorrect is to the effect that the answers do not correctly state the true state of what happened with reference to his claim against the Savings and Loan Association. I have informed him that in my opinion he does not have a cause of action based upon the answers contained in the deposition of this witness of his own, Mike Dikovic. I have stated to him that is my opinion, and furthermore, that there is no doubt in my mind that the deposition correctly covers every possible phase of his cause of action against the Savings and Loan Association and that the answers are correctly recorded. The deposition was taken before an attorney named Grover Johnson at San Pedro, California, who is rated as a reputable lawyer. I cannot conceive of Grover Johnson at this address in San Pedro, which was stated as San Diego, incorrectly recording the answers of this witness in the deposition. He has stated to me as late as forty-five minutes ago he would not be in court today, and that I was to ask the Court for a continuance for him to go to San Pedro to correct this deposition. I have asked him how this deposition was incorrect and he says it was in the sense that the answers are not fully set forth, and he says that he is going to San Pedro. I have told him that courts do not jockey lawsuits in that respect and that his case has been on trial for some time and that I would not in any respect represent to the Court that the deposition is not correct. I believe that he understands full well, not only from me, but from his own countrymen, that based upon the deposition of his own witness that he does not have a claim that can be substantiated in court. Very frankly, I told him to be here. He is not in the hallway now, is he Mr. Bailiff?

"THE BAILIFF: No. . . .

"MR. ABEL: I do not wish to see any injustice done to this man, but I have had it under consideration for many years and I think Mr. Carnahan, attorney for the Savings and Loan Association, fully understands all of the principles involved, and I do not believe under any circumstances I would ask the defendant to voluntarily consent to a continuance because I know of no further proof that can be secured and I do not believe, as an attorney and individual, that the deposition is not correct. I offer the deposition in evidence at this time and ask the Court for a continuance of his trial. That is about all I can say. There has been no opportunity to support this by affidavits. In my opinion I could not substantiate the matter any more by offering

affidavits. All I can say to the Court is, for the last three days or two days he and I have gone over the deposition and there would be nothing further than his own testimony and this deposition, and he says to me that the deposition is not correct and that he is going to San Pedro, and that is about all there is to it.

"THE COURT: Well, so far as affidavits, and putting you under oath, Mr. Abel, you are a reputable member of this bar and the Court is perfectly willing to take your statement of what you have done. As I understand, you have within the last forty-five minutes advised him to be in court.

"MR. ABEL: I wish to supplement that by saying he told me he would not be here. I told him that he had to be here, he should be here, that I did not know if the Court would continue his case. That is, if it was based upon the incorrectness of this deposition I did not think that the Court would. I also told him that based upon this deposition his claim could not be substantiated. There is nothing further to be said in this matter.

"MR. CARNAHAN: Mr. Abel, in the complaint it is claimed that certain deductions were made in his account down there of $500.00; would you care to state to the Court what he has admitted to you in regard to that?

"MR. ABEL: Yes, we may as well make the record clear on this. As far as that second cause of action is concerned, I would like to file in this case Mr. Carnahan's letter to him under date of March 28th, 1944, with photostatic copies of the records of the Pacific Savings and Loan Association, showing his signature to those withdrawals.

"THE COURT: Well, of course, before doing that, the Court has to pass upon this motion for a continuance and I do not think there are sufficient grounds for a continuance and the motion will be denied.

"Now, the other ground, if you wish to take that up at this time you may proceed."

Mr. Abel then offered in evidence and read the deposition of Mike Dikovic. After the deposition was read, plaintiff rested, offering no further proof.

Defendant then called the treasurer of defendant association, who testified relative to the records of the association and what such records showed relative to plaintiff's account.

In view of the question presented, it is not necessary to go into the testimony of this witness, other than to say that

it substantiates the findings of fact, conclusions of law, and judgment entered by the court in the case on December 2, 1944, wherein the court adjudged that plaintiff take nothing by his action.

Plaintiff filed a motion for new trial, which was denied, and thereafter filed a notice of appeal to this court from the judgment entered on December 2, 1944.

Appellant contends the court erred in denying his motion for a continuance; in denying his motion for a new trial; and in entering judgment for respondent.

The only question argued in appellant's brief is in regard to the first assignment of error, namely, that the court erred in denying appellant's motion for a continuance, contending in this regard that the trial court abused its discretion in denying the motion.

Rem. Rev. Stat., § 322 [P. P. C. § 21-1], provides:

"A motion to continue a trial on the ground of the absence of evidence shall only be made upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to procure it, and also the name and residence of the witness or witnesses. The court may also require the moving party to state, upon affidavit, the evidence which he expects to obtain; and if the adverse party admit that such evidence would be given, and that it be considered as actually given on the trial, or offered and overruled as improper, the trial shall not be continued. The court, upon its allowance of the motion, may impose terms or conditions upon the moving party."

It may be stated that, so far as this case is concerned, the statement of Mr. Abel was apparently accepted the same as an affidavit.

We have repeatedly held that the disposition of a motion for a continuance of the trial of a case is a matter of sound discretion in the trial judge, whose decision thereon will not be disturbed by this court, except for a manifest abuse of such discretion. *State v. Wilson,* 139 Wash. 191, 194, 246 Pac. 289; *Avenetti v. Brown,* 158 Wash. 517, 291 Pac. 469; *Mercer v. Lovering,* 170 Wash. 140, 15 P. (2d) 930.

It seems to us that nothing need be said as showing that

the trial court in this case did not abuse the discretion vested in it in denying appellant's motion for a continuance, other than to refer to the very frank statement made by counsel for appellant in support of the motion.

We are satisfied the trial court committed no error in denying appellant's motion for a continuance, nor did it err in denying appellant's motion for a new trial or in entering judgment for respondent.

The judgment of the trial court is affirmed.

BEALS, C. J., MILLARD, STEINERT, and GRADY, JJ., concur.