[No. 23669. *En Banc.* November 15, 1932.]

GEORGE D. FAWCETT *et al., Respondents,* v. H. H. MANNY *et al., Appellants.*[1]

*Pearson & Potts,* for appellants.

*Shank, Belt, Fairbrook & Rode,* for respondents.

HOLCOMB, J.—This personal injury case grew out of an automobile collision. A jury returned a verdict

[1]Reported in 15 P. (2d) 933.

in favor of respondents in the sum of three thousand dollars, and from a judgment on the verdict comes this appeal.

It appears that appellant Manny was driving along the highway in a northerly direction, and on overtaking a car or cars preceding him going in the same direction, he turned out to the left to pass. Before he could fully pass and regain a proper position upon his right-hand side of the highway, his car skidded on the wet pavement. He headed it toward the left-hand gutter to escape opposing traffic, but, failing to escape, collided with respondents' car coming from the opposite direction.

The evidence is greatly at variance as to the distance apart of the colliding cars when appellant started his attempt to pass, and the evidence as to speed is wholly conflicting; but since it is not contended that there was error save alone in instructing the jury and the failure to grant a new trial because of such erroneous instruction, we need not go further into the facts.

The instruction complained of reads:

"I instruct you that at the time of the happening of the collision which is the subject of this litigation, that the laws of the state of Washington provided:

" 'Vehicles proceeding in the same direction or overtaking another vehicle, or overtaking any person riding or driving any animal, shall pass to the left, . . . but it shall be unlawful for any person to pass any moving vehicle or animal overtaken unless he has a clear view ahead of not less than two hundred yards.'

"In this connection I instruct you that if you find from the testimony in this case that at the time the defendant Manny turned out to pass the vehicle which he had overtaken he did not have a clear view ahead of at least two hundred yards, he would be negligent as a matter of law, and if you further find that such action on his part was a proximate cause of the col-

lision with plaintiffs' automobile and that the plaintiffs were not guilty of contributory negligence, then your verdict in this case must be for the plaintiffs in such sum, if any, you find they have been damaged.''

One of the few facts upon which the parties are agreed is that the highway was straight and so nearly level for a considerable distance each way from the point of collision that there was no natural obstruction to the view. The instruction, therefore, was not given because of the existence of curves or grades which would prevent a clear view for the statutory distance, but, as respondents frankly admit, the instruction was intended to inform the jury that if a car was coming from the opposite direction within two hundred yards, then that simple fact alone, of the approaching car being within that distance, created a statutory obstructed view.

This case is governed by our recent decision in *Mercer v. Lovering, ante* p. 140, 15 P. (2d) 930, wherein a majority of the court held that similar instructions under Rem. 1927 Sup., § 6362-41, subdiv. (2), were correct.

It may be added to what was said in the *Mercer* case, *supra,* that it is common observation and experience that an approaching car on a straight, level road, often obscures the view of several cars behind it, constituting a situation of potential danger, which the statute was intended to cover.

The judgment is affirmed.

MILLARD, MITCHELL, MAIN, and HERMAN, JJ., concur.

STEINERT, J. (dissenting)—I dissent. This case was argued *En Banc* on the same day that the case of *Mercer v. Lovering, ante* p. 140, 15 P. (2d) 930, was argued, and the same question with reference to instructions was raised in both cases. The reason advanced

by me in my dissent in the former case applies with equal, if not stronger, force here. This case is weaker in point of fact than the other, and, in my opinion, illustrates even more forcefully the incorrectness of the rule announced by the majority. In this case, the road was straight and level, and admittedly there was absolutely nothing to obstruct the appellant's view, unless it be held that the colliding vehicle, approaching from the opposite direction, was an obstruction, as a matter of law.

Counsel for respondent argued that, under the statute, one automobile may not pass an overtaken one when there is approaching traffic within the prescribed limit of six hundred feet, regardless of the existing facts or circumstances. Counsel took the extreme position that if the approaching traffic was merely a child with a kiddy-car, the statute was no less applicable and mandatory. If the rule announced by the majority be sound, then counsel's argument and illustration are likewise sound and apt.

I cannot agree with this contention or holding. The result will simply be this: if an automobile is proceeding along a road at a rate of two or three miles per hour, and a light vehicle, or even an animal, is proceeding at a similar rate from the opposite direction within six hundred feet, then no overtaking automobile may pass either, no matter how clear the vision or how free the road may otherwise be. I do not believe that such was the intention of the legislature.

I concede that, if the approaching traffic is an obstruction as a matter of fact, under the circumstances of the particular case, the statute may apply. I also concede that, under the circumstances of a particular case, it may be an act of negligence to attempt to pass another car. Taking counsel's own illustration, I further concede that, if a child is on the road ahead, that

is a fact to be taken into consideration in determining whether one can safely pass, not upon the theory that the child is an obstruction to view, but upon the theory of negligence under the circumstances. I cannot accede to the proposition that every kind and character of approaching traffic is to be considered an obstruction, as a matter of law.

I therefore dissent.

TOLMAN, C. J., PARKER, and BEALS, JJ., concur with STEINERT, J.