[No. 23669. *En Banc.* March 10, 1933.]

GEORGE D. FAWCETT *et al., Respondents,* v. H. H. MANNY *et al., Appellants.*[1]

*Pearson & Potts,* for appellants.
*Shank, Belt, Fairbrook & Rode,* for respondents.

## ON REHEARING.

TOLMAN, J.—This case was first heard at the May term, 1932, by a Department of this court. There being a disagreement, the case was heard *En Banc* at the September, 1932, term, resulting in an opinion reported in 170 Wash. 148, 15 P. (2d) 933. Reference is made to that decision and to the companion case of *Mercer v. Lovering,* reported in 170 Wash. 140, 15 P. (2d) .930, for the facts and circumstances as well as for the varying view points there expressed.

The controversy has been waged over the construction to be given to that part of the rules of the road set forth in Rem. Rev. Stat., § 6362-41, subd. 2, which reads:

". . . but it shall be unlawful for any person to pass any moving vehicle or animal overtaken unless he has a clear view ahead of not less than two hundred yards."

The trial court, in his instructions to the jury on this subject, said:

214

"In this connection I instruct you that if you find from the testimony in this case that at the time the defendant Manny turned out to pass the vehicle which he had overtaken he did not have a clear view ahead of at least two hundred yards, he would be negligent as a matter of law, and if you further find that such action on his part was a proximate cause of the collision with plaintiffs' automobile and that the plaintiffs were not guilty of contributory negligence, then your verdict in this case must be for the plaintiffs in such sum, if any, you find they have been damaged."

At the first hearing, the respondent boldly took the position that the instruction was given for the express purpose of advising the jury that the oncoming car, although in plain view, if within two hundred yards made the statute applicable and positively forbade any attempt to pass; contending that the intent and purpose of the statute was to forbid a driver to attempt to pass overtaken vehicles if there was anything upon the highway within two hundred yards occupying, or in any wise obstructing, that part of the highway belonging to opposing traffic which must be used by a vehicle in passing overtaken traffic, and this without reference to the complete view of the driver of all approaching and opposing traffic. In the last hearing, however, respondents' counsel devoted his entire argument to the point that, in this particular case, there being no evidence that the appellant driver's view of the approaching car was obstructed, the instruction was harmless. We shall, therefore, consider both phases of the question.

We can add nothing to the forceful arguments contained in the several dissents in the two cases which have already been published. We adopt those arguments which, restated briefly, are: (a) That the clear view ahead required by the statute relates to physical obstructions to the view, such as a curve in

the roadway, a rise or fall in the grade of the road, fog, rain, or any other natural obstruction to the view; and (b) an approaching automobile, truck or van which, by its form and bulk, may or does obscure and obstruct the view so that other vehicles behind it and approaching within two hundred yards cannot be seen, and the possibility of their being a factor in the situation cannot be known and duly considered. The statute, by its plain terms, is concerned with and relates only to the question of view, and if the opposing driver can and does see clearly all that concerns his movements in passing overtaken traffic, then the statute has no application.

Since the statutory language in question relates to view only, then, unless there be some evidence that an approaching vehicle is of such a character or in such a position as to be an obstruction to the view beyond it, and that something beyond it is a factor in the situation, an instruction such as is complained of is erroneous, because it submits to the jury a question upon which there is no evidence and imports into the case an issue which the evidence does not justify, inviting the jury to speculate. Here, there was no evidence that the approaching vehicle was in any wise an obstruction to a clear view for the statutory distance, and no evidence that there was any traffic following it to be protected by this statutory provision.

But it is contended that, even if this instruction was erroneous, it was error without prejudice, because appellant testified that the respondents' car was at least three hundred yards distant when he turned to the left to pass the overtaken traffic, and that, if the jury had believed him, it would necessarily have disregarded this instruction. Appellant did so testify in one instance, but in another, according to the abstract furnished us, he testified that the approaching car was

distant three hundred feet, while the testimony on the behalf of the respondents was that the distance when appellant began his attempt to pass was but seventy-five to one hundred feet. With a record such as this, we cannot say that the erroneous instruction could not have misled the jury and created prejudice. On the contrary, the added implication given by the instruction that appellant was violating a plain statutory provision, may have turned the scales, and been the moving cause of the verdict rendered.

We find that proper exceptions were taken to the giving of this instruction, that it was erroneous, and that it was or may have been prejudicial, therefore a new trial should be granted.

Judgment reversed, with directions to grant a new trial.

BEALS, C. J., BLAKE, PARKER, and STEINERT, JJ., concur.

HOLCOMB, J. (dissenting)—For the reasons stated by me in the *En Banc* decision in 170 Wash. 148, 15 P. (2d) 933, as well as those given by Judge Herman in the *Mercer* case, 170 Wash. 140, 15 P. (2d) 930, I dissent.

MITCHELL, MAIN, and MILLARD, JJ., concur with HOLCOMB, J.